Applicant, Lazaro Correa-Castillo, has filed a timely application for reopening pursuant to App.R. 26(B). The applicant is attempting to reopen the appellate judgment that was rendered by this court in State v. Correa-Castillo (Jan. 21, 1999), Cuyahoga App. No. 74393, unreported, which affirmed the applicant's plea of guilty to the offenses of kidnapping, felonious assault, and child endangering. For the following reasons, we deny the applicant's application for reopening.
The applicant, through his application for reopening, argues that appellate counsel was ineffective as a result of failing to argue on appeal the issues of an improper plea of guilty per Crim.R. 11 and ineffective assistance of trial counsel. The doctrine of res judicata, however, prevents this court from reopening the applicant's appeal.
Errors of law that were either raised or could have been raised through an appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine ofres judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60.
Herein, the applicant possessed a prior opportunity to argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. The applicant, however, did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any reasons as to why an appeal was not filed with the Supreme Court of Ohio. Therefore, we decline to reopen the applicant's original appeal.State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (August 3, 1994), 70 Ohio St.3d 1408.
In addition, res judicata bars re-examination of the claim of a defective plea of guilty. In the appeal which the applicant is attempting to reopen, the following assignment of error was raised:
 The trial court erred in failing to determine whether the defendant knowingly and voluntarily waived his rights pursuant to Ohio Criminal Rule 11(C)(2).
This court, in the applicant's original appeal, held that:
 "The record contains sufficient information for the trial judge to reasonably conclude, based on the totality of the circumstances, that defendant entered his guilty pleas knowingly, voluntarily, and intelligently. In a case similar in circumstances, we rejected the precise argument trade by the defendant."
 State v. Correa-Castillo (Jan. 21, 1999), Cuyahoga App. No. 74393, unreported, at 6.
Thus, res judicata bars further review of the claim of a defective plea of guilty since the issue has been previously reviewed by this court. State v. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, unreported, reopening disallowed (Mar. 5, 1998), Motion No. 89560; State v. Hunter (Jan. 25, 1996), Cuyahoga App. Nos. 68447, 68448, 68449, 68450, 68451, 69306, unreported, reopening disallowed (May 15, 1997), Motion No. 80584. See, also, 26(B)(2)(c).
Finally, when a defendant enters a plea of guilty, the defendant waives all appealable errors which may have occurred at trial, unless the claimed errors are shown to have precluded the defendant from entering a knowing and voluntary plea. State v.Kelley (1991), 57 Ohio St.3d 127; State v. Barnett (1991),73 Ohio App.3d 244.
Accordingly, we deny the applicant's application for reopening.
JAMES M. PORTER, A.J. and TIMOTHY E. McMONAGLE, J., CONCUR.
 ___________________________________ TERRENCE O'DONNELL JUDGE