OPINION
Defendant-Appellant Leander Brooks, Jr., appeals the trial court's judgment and sentence following his guilty pleas to one count of aggravated robbery with a firearm specification and one count of kidnapping, both felonies of the first degree. A second firearm specification was dismissed by the State pursuant to a plea agreement. Brooks was sentenced to a three year term of incarceration on each count, to be served concurrently, and an additional three year term on the firearm specification to be served consecutively, for an aggregate term of six years. On appeal, he contends the trial court abused its discretion in denying his pre-sentence motion to vacate his guilty pleas.
The record reflects that on September 18, 1998, a Crim.R. 11 hearing was held and Brooks entered his pleas of guilty in the trial court. The trial judge extensively explained the nature of the charges to which Brooks intended to plead guilty, the constitutional rights Brooks would be waiving as a consequence of his guilty pleas, the maximum sentence possible, the possibility that the sentences might be served consecutively, and all the ramifications of Brooks' pleading guilty to the two counts and the firearm specification. Brooks indicated to the court that he understood all that he was told by the trial judge. The court also questioned Brooks as to whether he was proficient at reading and writing, whether he was happy with his attorney's representation, whether he was under the influence of any drugs, alcohol, or medication at the time, and whether any promises or threats had been made to him by the prosecutor, defense attorney, police, or any other person. Brooks indicated he was literate and satisfied with his attorney's performance, denied being under the influence of drugs or alcohol, and that he had been promised anything or threatened by anyone. A short statement of the facts was read for each count and for the firearm specification, and after each, Brooks admitted the truth of the facts contained therein. Brooks then orally entered his pleas of guilty on the record, which the trial court found to be knowing, intelligent, and voluntary, and the plea forms were signed by Brooks and his attorney, Bobby Joe Cox. The trial court ordered a presentence investigation and set October 5, 1998, as the date for sentencing.
Although the precise timing of Brooks' decision to seek vacation of his guilty pleas is left uncertain by the record, the parties agree that he made his request prior to sentencing. Subsequently, a hearing was held on November 23, 1998, at which Brooks and Cox both testified. Brooks claimed he had been misled by Cox regarding the plea agreement, and that when he entered his pleas he believed he was pleading guilty to one count of robbery, instead of aggravated robbery, and that the kidnapping count and the two firearm specifications had been dropped. Cox, on the other hand, testified that he at all times kept Brooks informed of the plea negotiations, including the prosecution's rejection of the deal Brooks claimed to have understood he was agreeing to when he entered his pleas. He explained to Brooks the nature of the plea agreement, and told him the minimum sentence would be six years, and the maximum would be twenty-three years. Cox testified there was no indication from Brooks that he did not understand what he was being told. In addition, Cox denied telling Brooks what his answers should be to the questions posed by the judge at the Crim.R. 11 hearing.
On December 18, 1998, the trial court rendered its decision, order, and entry overruling Brooks' motion to vacate his guilty pleas. Acknowledging the conflicts between Brooks' and Cox's testimonies on material points, the court made a specific finding that Cox was the more credible witness. In addition, the court concluded as follows:
 Although a court should freely allow a defendant's motion to withdraw his plea of guilty before imposition of sentence, the motion to withdraw is not an absolute right and it must be based on some reason or justification other than the defendant's whim. Defendant's argument of his understanding of a different plea agreement is not supported by the record. On four different occasions, Defendant acknowledged his understanding of the same plea agreement that the prosecutor and Mr. Cox understood. Further, the record contained Defendant's admission that he had committed the aggravated robbery (with firearm specification) and the kidnapping offense. Further, the transcript of the plea colloquy clearly establishes that the Defendant was explained the consequences and possible penalties of the pleas. Based on this record and the authority of State v. Drake (1991), 730 [sic] Ohio App.3d 640, the Court finds that the Defendant has failed to establish sufficient grounds for vacation of the pleas entered by Defendant on September 18, 1998. Defendant's motion is therefore OVERRULED.
A termination entry was subsequently filed on January 11, 1999, which was consistent with the plea agreement as executed. Brooks was sentenced to an aggregate term of six years with credit for time served. His timely notice of appeal followed, and he now asserts two assignments of error. First, Brooks claims the trial court failed to conclusively determine whether his pleas were voluntary and intelligent. Next, he contends his statements were the product of fear, intimidation, coercion, and misunderstanding, and should consequently be vacated. We have reviewed the record before us and the parties' briefs, and affirm the judgment of the trial court.
Before addressing the merits of Brooks' assignments of error, we note that "[t]he appropriate standard of review of a trial court's denial of a motion to vacate a guilty plea is abuse of discretion." State v. Uribe (Mar. 5, 1999), Montgomery App. No. 17044, unreported. In finding an abuse of discretion, it must be clear that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. This court has adopted the rule set forth in State v.Peterseim (1980), 68 Ohio App.2d 211, 214, for determining an abuse of discretion in cases such as the one sub judice. State v.Barnett (1991), 73 Ohio App.3d 244, 250. Therefore, no abuse of discretion will be found where the following circumstances are present:
 (1) The accused is represented by highly competent counsel;
 (2) The accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea;
 (3) After the motion to withdraw was filed, the accused was given a complete and impartial hearing on the motion; and
 (4) The record reveals that the court gave full and fair consideration to the plea withdrawal request.
 Id. That said, we proceed to the merits of Brooks' two assignments of error.
 I.
The trial court erred as a matter of law and abused its discretion by not granting Appellant's motion to withdraw his guilty plea prior to sentencing and by not conclusively determining whether the Appellant's guilty plea was entered with the requisite understanding to render his plea voluntary and intelligent.
In his first assignment of error, Brooks claims the trial court failed to give full and fair consideration to his request to withdraw his guilty pleas, as required by the fourth factor of the test set forth in Peterseim, supra. He contends the trial court abused its discretion by failing to give appropriate weight to Brooks' testimony at the November 23, 1998, hearing on his request to vacate his pleas. In addition, he argues that the record amply demonstrates that he was confused and ill-informed at the hearing. He claims that due to his youth (nineteen years old) and limited education (finished ninth or tenth grade), he was unable to comprehend the "legal jargon" employed by the trial court and Cox. We find his arguments to be wholly without merit.
First, we note that the trial court made a specific finding that Cox was the more credible of the two witnesses who testified at the hearing. It is settled law that the credibility of witnesses is within the purview of the trier of facts, and "where there exists competent and credible evidence supporting the findings and conclusions of the trial court, deference to such findings and conclusions must be given by the reviewing court."Myers v. Garson (1993), 66 Ohio St.3d 610, 614. Although obvious, we also note that the determination of how much weight should be given testimony in light of its relative credibility rests with the factfinder as well. Thus, contrary to Brooks' argument, we find no error in the fact that the trial court relied "almost entirely upon the credibility of defense counsel Cox and the colloquy between the Court and Appellant during the Rule 11 hearing," and the court's concomitant refusal to rely on Brooks' less credible testimony at the hearing on his motion to withdraw his pleas.
Also, we are not convinced by the portions of the transcript of the November 23 hearing excerpted in Brooks' appellate brief that he was confused or that he lacked the capacity to understand the "legal jargon" used at the Crim.R. 11 hearing by the judge and lawyers involved in the case. On the contrary, in our view, in comparing the plea agreement he wanted to the one he actually entered, Brooks exhibited, albeit inartfully, a degree of sophistication in describing the charges, firearm specifications, and plea negotiations that somewhat exceeds that which one would expect to encounter in a nineteen-year-old youth. Moreover, we find the trial judge's explanations to Brooks of the nature of the charges, Brooks' rights, and the consequences of his guilty pleas to be clearly expressed in simple terms accessible to laypersons, and commend the judge on his avoidance of "legal jargon" as well as his clarification of such terms when their use was inescapable.
We conclude that the trial court fulfilled its duty to give full and fair consideration to Brooks' plea withdrawal request. We find no evidence in the record to support Brooks' claim that he was misled, confused, or ill-equipped to understand the nature of the charges to which he pled guilty or the consequences of that action, especially in light of the trial court's determination of the relative credibility of Brooks' and Cox's testimonies. Having found no merit to Brooks' first assignment of error, it is overruled.
 II.
Appellant's guilty pleas were involuntary and should be vacated based upon Appellant's in-court statements that he made his plea out of fear, intimidation, coercion and lack of understanding.
In his second assignment of error, Brooks claims that because of his youth, level of education, and limited intelligence, he was overwhelmed by the proceeding in which he entered his guilty pleas, and that the Crim.R. 11 hearing provided him was a "mere ritual." His claims are in stark contrast to the record before us.
We have already dispensed with Brooks' argument that he was handicapped by his youth and level of education when he entered his pleas. Although Brooks argues he was fearful and intimidated at the Crim.R. 11 hearing, and that he was coerced into entering the plea agreements, his claim is unsupported by either the transcript of the hearing or his testimony at the hearing on his motion to withdraw his pleas. Furthermore, nothing in the record even touches on the issue of Brooks' level of intelligence, nor is there any evidence to suggest that he possesses anything less than average intelligence. Finally, the transcript of the Crim.R. 11 hearing provides not a shred of support for Brooks' argument that the hearing was "mere ritual." Instead, Brooks' hearing provides a fine example of just how such hearings should be conducted. Because Brooks' arguments are wholly without support in the record, his second assignment of error is overruled.
Having found both of Brooks' assignments of error to be meritless, we affirm the judgment of the trial court.
GRADY, P.J. and WOLFF, J., concur.
Copies mailed to:
Cheryl A. Ross
Michael J. Howley
Hon. David A. Gowdown