OPINION
Defendant-appellant, Todd A. Brown, appeals the decision of the Franklin County Court of Common Pleas to impose a maximum sentence of imprisonment upon his conviction of unlawful possession of a dangerous ordnance.
Appellant was originally charged with four offenses joined in a single indictment. In the indictment, it was alleged that, on May 31, 1997, appellant committed the offenses of kidnapping, attempted murder and felonious assault. As well, it was alleged that appellant committed the offense of unlawful possession of a dangerous ordnance on July 2, 1997.
Appellant and appellee, state of Ohio, entered into a plea agreement. The kidnapping, attempted murder and felonious assault charges were dismissed at appellee's request. Appellant entered a guilty plea to the unlawful possession of a dangerous ordnance charge. The trial court accepted the guilty plea and sentenced appellant to twelve months imprisonment, the maximum authorized prison sentence.
Appellant appeals, raising four assignments of error:
ASSIGNMENT OF ERROR NUMBER ONE:
 THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE WHEN THE DEFENDANT HAD NOT PREVIOUSLY SERVED A PRISON TERM AND THE COURT FAILED TO PLACE ON THE RECORD FINDINGS THAT WOULD HAVE ALLOWED THE IMPOSITION OF A LONGER SENTENCE.
 ASSIGNMENT OF ERROR NUMBER TWO:
 THE TRIAL COURT ERRED BY ENTERING A JUDGMENT OF CONVICTION AGAINST THE DEFENDANT WHEN THE FACTS PRESENTED TO THE COURT DID NOT SUPPORT A FINDING THAT THE DEFENDANT WAS GUILTY AND WHERE THE INDICTMENT FAILED TO STATE AN OFFENSE.
 ASSIGNMENT OF ERROR NUMBER THREE:
 THE TRIAL COURT ERRED WHEN IT IMPOSED THE MAXIMUM ALLOWABLE SENTENCE WITHOUT MAKING ANY FINDINGS WITH RESPECT TO THE FACTORS SET FORTH IN R.C. 2929.14(C).
 ASSIGNMENT OF ERROR NUMBER FOUR:
 THE DEFENDANT WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS OF LAW WHEN HE WAS SENTENCED BASED UPON INCORRECT INFORMATION AND INFORMATION THAT WAS IMPROPERLY CONSIDERED BY THE TRIAL COURT.
We will address together appellant's first, third and fourth assignments of error. In these assignments of error, appellant asserts that the trial court's decision to impose the maximum authorized prison sentence is erroneous because the trial court relied on incorrect and improper information and failed to make the requisite findings when imposing the sentence. Additionally, appellant asserts that the record does not support the trial court's decision. We disagree with appellant's contentions.
If the trial court decides to impose a prison sentence on an offender of a felony who has not previously served a prison term, the trial court is required to impose the shortest authorized prison term unless the trial court finds that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. R.C. 2929.14(B). The trial court is not required to explain its findings when deciding whether or not to impose the shortest authorized prison term. State v. Edmonson (1999),86 Ohio St.3d 324, 326. However, in keeping with the dictates ofEdmonson, the record must indicate that the trial court made all the requisite findings when determining whether or not to impose the shortest authorized prison sentence on a felony offender who has not previously served a prison term. Id.
In this case, as noted below, the trial court concluded that appellant poses the greatest likelihood of committing future crimes. As well, the trial court recognized that it was required to impose a sentence that would protect the public from future crimes by appellant. The trial court determined that the maximum authorized prison sentence would best protect the public from future crimes by appellant. We conclude that such determinations satisfy the requirement that the trial court find that the shortest authorized prison sentence would not adequately protect the public from future crimes by appellant before deciding not to impose such a sentence. See State v. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, unreported (1997 Opinions 4287, 4297) (noting that the trial court is not required to invoke the talismanic words of the sentencing statute). Therefore, we conclude that the trial court made the requisite findings under R.C. 2929.14(B) when deciding not to impose the shortest authorized prison sentence on appellant. Additionally, as noted below, we conclude that the record supports the trial court's findings.
A trial court has discretion to impose the maximum authorized prison sentence on an offender if it finds that the offender committed the worst form of the offense or where the offender poses the greatest likelihood of committing future crimes. R.C. 2929.14(C).
In this case, the trial court imposed the maximum authorized prison sentence on appellant. In so deciding, the record shows that the trial court found that appellant poses the greatest likelihood of committing future crimes. For example, the trial court indicated that appellant has demonstrated through his behavior that he will not follow directions, is irresponsible and "does not take the law seriously." Furthermore, the trial court implied that it would be futile to place appellant on community control because of his likelihood of committing future crimes. Therefore, we conclude that the trial court made the requisite findings under R.C. 2929.14(C) when deciding to impose the maximum authorized prison sentence on appellant. As noted below, we conclude that the record supports the trial court's findings.
When a trial court imposes the maximum authorized prison sentence on an offender for a single offense, the trial court must set forth its reasons for imposing such a sentence. R.C.2929.19(B)(2)(d); Edmonson, at 328.
As an aid to appellate review, the better practice would be for the trial court to set forth its reasons for imposing the maximum authorized prison sentence in the judgment entry. Statev. Hess (May 13, 1999), Franklin App. No. 98AP-983, unreported (1999 Opinions 1194, 1196). At a minimum, the record must reflect the trial court's explanation for finding that the offender committed the worst form of the offense or that the offender poses the greatest likelihood of committing future crimes. Edmonson, at 329.
In this case, as noted above, the trial court concluded that appellant poses the greatest likelihood of committing future crimes. The trial court indicated that appellant had a history of criminal convictions, which included twenty-three traffic offenses. Moreover, the trial court noted that appellant had not responded favorably to sanctions previously imposed for criminal convictions. For example, the trial court mentioned that, while appellant was on probation for a conviction of carrying a concealed weapon, he failed to report as ordered and made erratic payments on court costs and fines stemming from the conviction. Furthermore, the trial court recognized that appellant had been convicted of possession of drug paraphernalia one year prior to the sentencing hearing. Accordingly, we conclude that the trial court properly explained its findings for imposing the maximum authorized prison sentence on appellant.
In attacking the trial court's decision, appellant claims that the trial court's decision was prejudiced by information in the pre-sentence investigation report regarding offenses for which appellant was never convicted. For example, appellant asserts that the trial court based its decision on information in the pre-sentence investigation report relating to the offenses of kidnapping, attempted murder and felonious assault, which were ultimately dismissed. However, the record does not support appellant's assertions. Rather, the record shows that the trial court imposed the sentence under the realization that the offenses were dismissed. Indeed, the trial court acknowledged that it did not know exactly what took place the day that the alleged kidnapping, attempted murder and felonious assault offenses occurred.
As well, appellant claims that the trial court's decision was prejudiced by information provided from Tejuan Files, the alleged victim of the kidnapping, attempted murder and felonious assault offenses that were ultimately dismissed. During the sentencing hearing, the trial court mentioned that Tejuan Files provided information to the trial court outside the presence of appellant and appellee regarding threats appellant allegedly made to him. After the trial court imposed its sentence, appellant told the trial court that he did not make the alleged threats to Tejuan Files. The trial court stated that it would not say that it "wouldn't accept [appellant's] interpretation of the facts," and declared that, even if it did accept appellant's denial as true, "it still would not be of sufficient importance * * * to modify the sentence * * * imposed." Therefore, based on the trial court's statements, we reject appellant's argument that the trial court's decision was prejudiced by Tejuan Files' information.
In rejecting the above contentions asserted by appellant, we reiterate that the trial court's decision to impose the maximum authorized prison sentence on appellant is supported by its findings that appellant poses the greatest likelihood of committing future crimes, which were based on his history of criminal convictions and his failure to respond favorably to sanctions previously imposed for his criminal convictions. See R.C. 2953.08(G)(1)(a) (mandating that a sentence is invalid if the record does not support all of the trial court's findings).
Accordingly, we conclude that the trial court made the proper findings under R.C. 2929.14(B) and (C) to impose the maximum authorized prison sentence on appellant. Additionally, we conclude that the trial court properly explained its findings as required by R.C. 2929.19(B)(2)(d). As such, we overrule appellant's first, third and fourth assignments of error.
In his second assignment of error, appellant asserts that we should reverse his conviction because the indictment failed to allege the necessary elements of the offense for which he was convicted. We disagree with appellant's contention that we should reverse the conviction.
When a defendant enters a guilty plea as part of a plea bargain, he waives all appealable errors that may have occurred at trial unless such errors are shown to have prevented the defendant from entering a knowing and voluntary plea. State v. Barnett
(1991), 73 Ohio App.3d 244, 248, citing State v. Kelley (1991),57 Ohio St.3d 127, paragraph two of the syllabus. Similarly, such a guilty plea waives a defendant's right to challenge on direct appeal any error relating to the indictment. See State v. Hill
(Feb. 4, 1993), Cuyahoga App. No. 61685, unreported.
In this case, appellant, represented by trial counsel, entered a guilty plea in accordance to a plea bargain with appellee. Accordingly, we conclude that appellant now waives any error relating to the indictment and overrule his second assignment of error.
In summary, we overrule appellant's four assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
TYACK and BROWN, JJ., concur.