OPINION
Appellant Leon Dannemiller is appealing the decision of the Stark County Court of Common Pleas that denied his motion to withdraw his guilty plea. The following facts give rise to this appeal. On January 12, 1996, the Stark County Grand Jury indicted appellant with one count of aggravated arson, one count of breaking and entering and one count of receiving stolen property. Appellant entered a plea of not guilty. This matter proceeded to trial on March 4, 1996. However, prior to the commencement of trial, appellant changed his plea and entered a plea of guilty to all three counts. The trial court accepted appellant's guilty plea and sentenced appellant to a prison term of seven to twenty-five years for the aggravated arson, a concurrent one and one-half year term on the breaking and entering, and a concurrent one and one-half year term on the receiving stolen property conviction. On July 14, 1999, appellant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. The trial court denied appellant's motion on July 21, 1999. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ACCEPTING THE DEFENDANT'S PLEA OF GUILT (SIC) TO COUNT ONE OF THE ORIGINAL INDICTMENT AS THERE WERE TWO OR MORE OFFENSES OF DISSIMILAR IMPORT IN THE SAME COUNT.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE DEFENDANT'S MOTION FOR SEVERANCE OF OFFENSES OF AGGRAVATED ARSON AS PRESCRIBED UNDER R.C. §§ (SIC) 2909.02(A) (1 2), AS THEY ARE TWO OFFENSES OF DISSIMILAR IMPORT IN THE SAME COUNT IN (SIC) THE INDICTMENT.
 I, II
We will address both of appellant's assignments of error simultaneously as both concern the issue of offenses of dissimilar import. In his First Assignment of Error, appellant contends the trial court erred when it denied his motion to withdraw his guilty plea because count one of the indictment was defective as it contained two or more offenses of dissimilar import in the same count. In his Second Assignment of Error, appellant maintains that prior to accepting his guilty plea, the trial court should have severed count one of the indictment. We disagree with both assignments of error. Withdrawal of a guilty plea is governed by Crim.R. 32.1 which provides: A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
Appellate review of a trial court's denial of a motion to withdraw a guilty plea is limited to a determination of abuse of discretion. State v. Xie (1992), 62 Ohio St.3d 521, paragraph two of the syllabus. That is, whether the trial court's decision is unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Maurer (1984), 15 Ohio St.3d 239,250. Further, a guilty plea waives all errors that may have occurred before the plea, unless the plea is not given knowingly and voluntarily. State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus; State v. Barnett (1991), 73 Ohio App.3d 244,249. Because appellant plead guilty, he waived his right to raise his claim that the indictment was defective because the alleged error did not prevent appellant from making a knowing, intelligent and voluntary plea. Even if we were to address the merits of this case, appellant's argument lacks merit because the state may charge a defendant in a single count with all the ways specified in the statute in which the offense could have been committed. See State v. Hale (1898), 58 Ohio St. 676, paragraph one of the syllabus. In his Second Assignment of Error, appellant contends the trial court should have severed count one of the indictment. The record indicates appellant never moved for severance and the trial court had no obligation to sua sponte sever count one of the indictment. Based on the above, we find the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J. Farmer, J., and Edwards, J., concur.