JOURNAL ENTRY AND OPINION
Applicant, Donald Richard, Jr., has filed a timely application for reopening pursuant to App.R.26 (B). The applicant is attempting to reopen the appellate judgment that was rendered by this court inState v. Richard (Oct. 28, 1999), Cuyahoga App. No. 74815, unreported, which affirmed the applicant's plea of guilty to the offense of attempted murder. We decline to reopen the applicant's appeal for the following reasons.
Errors of law that were either previously raised or potentially raised through an appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine of unjust.State v. Murnahan (1992), 63 Ohio St.3d 60.
In the case sub judice, the applicant possessed a prior opportunity to argue his claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. The applicant, however, filed no appeal with the Supreme Court of Ohio. Therefore, we decline to reopen the applicant's original appeal. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (August 3, 1994), 70 Ohio St.3d 1408.
In addition, res judicata bars any further examination of the claim that the applicant's plea of guilty was defective. In his original appeal before this court, the applicant raised four separate assignments of error which addressed the issue of a defective plea of guilty as made pursuant to Crim.R. 11 (C).
 In view of the foregoing, there simply is no doubt that the appellant understood that his plea, including his non-eligibility for probation, as well as the rights that he was waiving. The trial court, as well as the state and appellant's trial counsel, could have hardly made a more thorough record complying with Crim.R. 11 (C) and establishing that the appellant's plea was voluntary and knowingly made in all respects. Therefore, these assignments of error are overruled. State v. Richard, supra, at 9.
 Res judicata bars further review of the claim of a defective plea of guilty since the issue has been previously reviewed by this court. State v. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, unreported, reopening disallowed (Mar. 5, 1998), Motion No. 89560;State v. Hunter (Jan. 25, 1996), Cuyahoga App. Nos. 68447, 68448, 68449, 68450, 68451, 69306, unreported, reopening disallowed (May 15, 1997), Motion No. 80584. See, also, App.R. 26 (B)(2)(c).
Finally, a substantive review of the application for reopening fails to support the applicant's claim of ineffective assistance of appellate counsel. In an appeal to this court, appellate counsel is not required to argue assignments of error which are meritless or frivolous. Jones v. Barnes (1983), 463 U.S. 745. This court's consideration of the applicant's two proposed assignments of error would not have resulted in a reversal of the applicant's plea of guilty to the offense of attempted murder. Strickland v.Washington (1984), 466 U.S. 668; State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 200. In fact, upon entering a plea of guilty, a defendant waives all appealable errors that may have occurred before the trial court unless the claimed errors precluded the defendant from entering a knowing and voluntary plea of guilty. State v. Kelley (1991), 57 Ohio St.3d 127;State v. Barnett (1991), 73 Ohio App.3d 244.
Accordingly, the applicant's application for reopening is denied.
DIANE KARPINSKI. P. J. and MICHAEL J. CORRIGAN, J. CONCUR.
 _______________________ LEO M. SPELLACY, JUDGE