The STATE of Ohio, Appellee,

v.

BARNETT, Appellant.

[Cite as *State v. Barnett* (1991), 73 Ohio App.3d 244.]

Court of Appeals of Ohio,
Montgomery County.

No. 10451.

Decided April 22, 1991.

*Ted E. Millspaugh,* Assistant Prosecuting Attorney, for appellee.
*John D. Poley,* for appellant.

GRADY, Judge.

Defendant-Appellant Charles T. Barnett appeals his conviction for the offense of aggravated robbery, alleging that he was deprived of his Sixth Amendment right to effective assistance of counsel and that the trial court erred in denying his motion to withdraw his plea of guilty. Appellee, state of Ohio, has failed to file a brief. For reasons discussed below, defendant-appellant's first assignment of error will be overruled and the second assignment of error sustained.

I

Facts

On December 29, 1986, defendant-appellant Barnett was arrested on a warrant issued by Dayton Municipal Court and incarcerated on a charge of aggravated robbery in violation of R.C. 2911.01. He failed to post bond and remained incarcerated and in the custody of the Sheriff of Montgomery County from that date through his subsequent indictment, conviction, and sentencing.

On January 20, 1987, Barnett was indicted on two charges of aggravated robbery, one alleging by specification a prior aggravated felony and the other alleging by specification a prior aggravated felony and the use of a firearm. On January 28, 1987, counsel was appointed to represent Barnett. On February 3, 1987, a plea of not guilty was entered.

According to appellant's statement of the facts,[1] he was not satisfied with plea negotiations by his appointed counsel. Upon discovering that his counsel had made no preparation for trial, appellant asked counsel to withdraw from the representation, which he did. Second counsel was appointed to represent appellant on April 8, 1987.

Second counsel advised appellant that trial had been set for April 14, 1987, and that he did not have adequate time to prepare for trial. Appellant states that he asked his second counsel to obtain a continuance, if possible, and to take action in respect to his rights to a speedy trial. The day following that conversation counsel advised appellant the court would not extend the April 14, 1987 trial date unless appellant waived his right to speedy trial, which he refused to do.

On April 13, 1987, Barnett waived his right to trial by jury and entered a plea of guilty to the offense of aggravated robbery with the prior aggravated felony specification as alleged in Count II of the indictment. The firearm specification of that count was deleted and the aggravated robbery charged in the other count was dismissed. Sentencing was continued for a presentence investigation.

Appellant asserts in his brief that after his plea and prior to his sentencing he sent a letter to the trial judge stating that he was dissatisfied with his plea and wanted to withdraw it. The record contains no evidence of that letter.

On April 20, 1987, appellant was brought before the court for sentencing. The following exchange then occurred between the court and appellant:

"THE COURT: Do you have anything you want to say about the sentence?

"THE DEFENDANT: Yes. I would like to know why my request is being denied.

"THE COURT: I don't think there is any merit to it. Your rights were explained to you. You admitted you did these things and you pled guilty to it, and I don't think there's any merit to allowing you to withdraw your plea. Mr. Divine is one of the better attorneys we have. You just don't have any right to jerk the system around.

---

1. Pursuant to App.R. 18(C), appellee having failed to file a brief, we may accept appellant's statement of the facts and issues as correct.

"THE DEFENDANT: I am not entitled to any type of consideration?

"THE COURT: You've gotten the consideration that you're entitled to.

"The Court will sentence you to an indeterminate period of 12 to 25 years."

A termination entry of sentencing was filed May 4, 1987, and on that same date Barnett filed his notice of appeal.

## II

### Effective Assistance of Counsel

Appellant claims that he was denied his right to the effective assistance of counsel in two respects. First, he argues that he was forced to enter a plea of guilty because his second counsel had too little time to prepare for trial, rendering his plea involuntary. Second, he argues that he was prejudiced because neither counsel filed a motion for a discharge for lack of a speedy trial pursuant to R.C. 2945.73.

In determining whether counsel was constitutionally ineffective, the central issue in any case is whether an accused had a fair trial and substantial justice was done. *State v. Hester* (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304. An accused is denied his right to a fair trial if his counsel fails to play the role necessary to ensure that the accused enjoys the benefits of the adversarial process which the law affords him for testing the charges brought by the state. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

A plea of guilty constitutes a complete admission of guilt. Crim.R. 11(B)(1). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United State v. Broce* (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927, 936. The plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York* (1975), 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195.

When a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658. "A failure by counsel to provide advice [which impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve the predicate for setting aside a valid plea." *United States v. Broce, supra*, 488 U.S. at 574, 109 S.Ct. at 765, 102 L.Ed.2d at 939.

■ On the basis of the foregoing, it is clear that a plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary.

■ Appellant's argument that he was forced to plead guilty because his counsel failed to prepare for trial raises an issue concerning the voluntariness of his plea. However, determination of that issue necessarily depends on matters not in the record before us. We decline to accept appellant's statement of them, even though appellee has not filed a brief, as they concern appellant's private conversations with counsel and could not be a part of the trial record in this case. They may be made in a proper motion for postconviction relief pursuant to R.C. 2953.21.

■ Appellant's argument that his counsel's failure to seek discharge constitutes ineffective assistance must also be rejected. Prejudice to a substantial right of an accused is a necessary element of constitutionally ineffective counsel. *Strickland v. Washington, supra; State v. Lytle* (1976), 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623. The right to discharge is generally waived by a plea of guilty. *State v. Kelley, supra; Montpelier v. Greeno* (1986), 25 Ohio St.3d 170, 25 OBR 212, 495 N.E.2d 581. Appellant's guilty plea thus relinquished any basis on which to show prejudice by reason of the defect complained of, except to the extent that it impaired a knowing and voluntary waiver of his trial rights. Those rights include the privilege against compelled self-incrimination, the right to trial by jury, and the right to confront one's accusers. *State v. Kelley, supra.* Counsel's failure to assert the right to discharge under R.C. 2945.73 did not cause appellant's waiver of those rights to be less than knowing and voluntary. Appellant has not shown constitutionally ineffective assistance of counsel requiring reversal of his conviction.

Appellant's first assignment of error is overruled.

### III

In his second assignment of error appellant argues that the trial court abused its discretion in denying his motion to withdraw his plea of guilty.

Appellant argues that after his plea he wrote a letter to the trial judge asking to withdraw his plea before sentence was passed. No such letter is a part of the record before us, and the sole basis on which to conclude that a motion to withdraw was made is in the colloquy at sentencing, quoted above.

It is clear from the record of the sentencing proceeding that a motion to withdraw was considered by the court. The court stated, " * * * I don't think

there's any merit to allowing you to withdraw your plea." However, the basis for the motion is unclear. Appellant suggests it was based on his belief that he was forced to enter a plea because his first appointed counsel failed to prepare for trial and the trial court denied his second counsel additional time to prepare without waiver of appellant's speedy trial rights. Exercising the discretion we are granted by App.R. 18(C), we will accept that as the basis for appellant's motion.

One who enters a guilty plea does not have an absolute right to withdraw it. *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324; *State v. Kimsey* (Mar. 19, 1985), Montgomery App. No. 8727, unreported. The decision is vested in the sound discretion of the trial court, and will be reversed by the appellate court only when there has been an abuse of discretion. *State v. Smith, supra.* A finding of abuse of discretion requires that the court's attitude be clearly shown to be unreasonable, arbitrary or unconscionable. *State v. Posta* (1988), 37 Ohio App.3d 144, 524 N.E.2d 920.

A motion made after sentencing to withdraw a plea may be granted only to correct manifest injustice. Crim.R. 32.1. A motion made prior to sentencing should be freely allowed. *State v. Peterseim* (1980), 68 Ohio App.2d 211, 22 O.O.3d 341, 428 N.E.2d 863.

In *State v. Herman* (Feb. 2, 1990), Montgomery App. No. 11786, unreported, 1990 WL 7937, we followed the rule stated by the Court of Appeals for Cuyahoga County in *State v. Peterseim, supra,* in the syllabus, to determine an abuse of discretion.

"A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request."

In *Herman* we found no abuse of discretion though no hearing was held. The court was advised that the defendant wished to withdraw his plea to be considered for probation, but the court concluded and announced that because of numerous prior offenses it would not consider probation.

In *State v. Tooson* (Aug. 5, 1985), Clark App. No. 2042, unreported, 1985 WL 8774, we stated that "when an individual's liberty is at stake and he has

not yet been sentenced, a fact that would raise suspicions regarding sentence-shopping motives, great deference must be given to his decision to withdraw his guilty plea and face a jury of his peers."

In *State v. Taylor* (June 15, 1989), Montgomery App. No. 11220, unreported, 1989 WL 68470, we held:

"Crim.R. 11(C) requires the trial court to conduct a specific inquiry to determine that pleas of guilty or no contest are made freely and intelligently. A meticulous procedure is required not only because a defendant thereby subjects himself to penalties but also, and most importantly, because he thereby waives his constitutionally guaranteed right to trial by jury. Proper plea acknowledgements by a defendant do not, however, preclude him from later seeking to withdraw his plea. A motion to withdraw also invokes a defendant's right to trial by jury and requires the same full and fair consideration given to his plea."

We conclude from the record before us that appellant was not given a complete and impartial hearing on the motion and that the court failed to give full and fair consideration to his request. In contrast to *Herman, supra,* the court gave no consideration to any basis for the request and focused only on the fact that a plea had been entered.

Appellant's second assignment of error will be sustained. The case will be remanded for a hearing and consideration of appellant's motion.

## IV

### Conclusion

Appellant's sentence is vacated and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

BROGAN, J., concurs.

WOLFF, J., concurs in part.

BROGAN, Judge, concurring.

I concur in Judge Grady's opinion. Although the record fails to establish why the appellant's trial was set outside the ninety-day requirement for

incarcerated defendants, I will presume the regularity of the proceedings below in the absence of evidence to the contrary.

An accused is entitled to a reasonably effective counsel and a plea of guilty does not automatically insulate the accused's conviction from collateral attack if it can be demonstrated that defense counsel failed to adequately represent the accused prior to counseling his client to enter a plea of guilty. I believe the resolution of that issue is appropriately commended to resolution in postconviction proceedings.

WOLFF, Judge, concurring in part.

I am not prepared to hold that Barnett's plea of guilty waived his right to claim that his trial counsel was ineffective in not moving to dismiss on statutory speedy trial grounds.

I am willing, however, to presume that the trial court afforded Barnett a timely trial date in the absence of an affirmative demonstration from the record that the trial court failed to do so. For instance, the record fails to reflect that Barnett was entitled to the benefit of R.C. 2945.721(E), the "three for one" provision that applies only if a defendant is held in jail *solely* on the pending charge. See *State v. Fairbanks* (1972), 32 Ohio St.2d 34, 38–39, 61 O.O.2d 241, 244, 289 N.E.2d 352, 356.

Barnett may attempt to establish in proceedings for postconviction relief that the trial court did not provide him with a timely trial date, and argue that his counsel was ineffective in failing to move for dismissal. On the record presently before this court, however, I join with my colleagues in overruling the first assignment of error.

Except as just stated, I concur with Judge Grady's opinion, and in the judgment.