[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant, Douglas A. Street ("Appellant") appeals from the judgment of the Court of Common Pleas of Hancock County sentencing Appellant following Appellant's guilty pleas. For the following reasons, we affirm the trial court's judgment.
On September 23, 1997, Appellant was indicted for two counts of felonious assault in violation of R.C. 2903.11(A)(2), one count of aggravated robbery in violation of R.C. 2911.01(A)(1), one count of attempt to commit aggravated murder in violation of R.C.2923.02(A), and two counts of kidnapping in violation of R.C.2905.01(A)(2). Each count contained a firearm specification pursuant to R.C. 2941.145.
On February 27, 1997, Appellant entered guilty pleas to one count each of felonious assault, aggravated robbery, attempted aggravated murder, and kidnapping. Each count included a firearm specification. After accepting Appellant's guilty pleas, the trial court imposed the sentences recommended by the State and Appellant. The trial court sentenced Appellant to a nine year prison term for aggravated robbery and a nine year prison term for kidnapping to run concurrently. In addition, the trial court sentenced Appellant to serve consecutively a four year prison term for felonious assault, a nine year prison term for attempt to commit aggravated murder, and a three year mandatory term for the merged firearm specifications. Appellant was sentenced for a total of twenty-five years. Appellant now asserts the following four assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred in failing to apply the doctrine of merger to the offenses of felonious assault, attempted murder, and kidnapping, resulting in duplication of sentences for identical conduct, contrary to law under R.C. 2941.25.
 ASSIGNMENT OF ERROR NO. II The trial court erred in sentencing the defendant to consecutive sentences without complying with the mandates of Senate Bill 2 (R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c)).
 ASSIGNMENT OF ERROR NO. III The trial court abused its discretion in sentencing an 18-year-old defendant to an aggregate prison term of 25 years for a first felony offense.
 ASSIGNMENT OF ERROR NO. IV The unlawful sentencing was a result of defense counsel's ineffective assistance of counsel through his failure to raise the issue of merger and to present any mitigating information for the trial court's consideration in sentencing.
Appellant's first three assignments of error challenge his sentences. R.C. 2953.08(D), however, provides that when a sentence is authorized by law and jointly recommended by the defendant and the prosecution in the case, the sentence is not subject to review if it is imposed by the sentencing judge. SeeState v. Griffin (July 24, 1998), Hamilton App. Nos. C-970507 and C-970527, unreported.
Pursuant to a plea agreement, Appellant entered guilty pleas to the charges of felonious assault, aggravated robbery, attempted aggravated murder, and kidnapping. Each count included a firearm specification. The parties negotiated an agreement that Appellant would be sentenced to an aggregate of twenty-five years. The State advised the trial court of the plea agreement and the agreed sentences. The defense asked the trial court to adopt the agreed sentences and the trial court did adopt and impose the agreed sentences. Thus, the sentences were jointly recommended by Appellant and the State. In addition, the trial court imposed the recommended sentences.
Felonious assault, R.C. 2903.11(A)(2), is a felony of the second degree and provides for imprisonment for a determinate term of two years, three years, four years, five years, six years, seven years, or eight years and a fine of not more than $15,000. R.C. 2929.14 and 2929.18. Aggravated robbery, R.C. 2911.01(A)(1); attempted aggravated murder, R.C. 2923.02(A); and kidnapping, R.C.2905.01(A)(2) are each felonies in the first degree and each provide for imprisonment for a determinate term of three years, four years, five years, six years, seven years, eight years, nine years, or ten years and a fine of not more that $20,000. R.C.2929.14 and 2929.18. The firearm specifications, R.C. 2941.145, each provide for imprisonment for a determinate term of three years to be served before and consecutive with any other sentence that is imposed.
After accepting Appellant's guilty pleas, the trial court sentenced Appellant to a nine year prison term for aggravated robbery and a nine year prison term for kidnapping to run concurrently. Appellant was also sentenced consecutively to a four year prison term for felonious assault, a nine year prison term for attempt to commit aggravated murder, and a three year mandatory term for the merged firearm specifications. Appellant was sentenced for an aggregate total of twenty-five years. As each sentence fits within the statutory provisions, it is authorized by law. Thus, because the sentences were authorized by law and Appellant and the State jointly recommended the sentences received by Appellant, R.C. 2953.08(D) provides that the sentences are not subject to review. Accordingly, Appellant's first, second, and third assignments of error are overruled.
We, however, will review Appellant's fourth assignment of error as it pertains to whether Appellant knowingly and voluntarily entered the guilty pleas. In this assignment of error, Appellant asserts his defense counsel provided ineffective assistance of counsel.
To make a claim for ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Statev. Clemons (1998), 82 Ohio St.3d 438, 449-50, citing Strickland v.Washington (1984), 466 U.S. 668, 687. In asserting his ineffective assistance of counsel claim, Appellant must overcome the presumption that a licensed attorney is competent and that his decisions constitute sound trial strategy. Strickland,466 U.S. at 689.
A plea of guilty waives a claim of ineffective assistance of counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary. State v. Barnett
(1991), 73 Ohio App.3d 244, 249. If a defendant can demonstrate that he received ineffective assistance of counsel in entering his guilty plea and that but for that ineffective assistance he would have proceeded to trial, then we would be required to reverse a defendant's sentence and remand the matter to the trial court to allow the defendant to withdraw his plea. State v. Freeman (July 3, 1997), Shelby App. Nos. 17-96-18 and 17-96-19, unreported, citing Hill v. Lockhart (1985), 474 U.S. 52. The defendant bears the burden of proof in demonstrating ineffective assistance of counsel. State v. Smith (1985), 17 Ohio St.3d 98.
Through questioning, the trial court determined that Appellant had a tenth grade education, that he was not under the influence of any intoxicant or drug that would impair his ability to understand the proceedings, that he had been on parole for a juvenile matter, and that he had been diagnosed with Obsessive Compulsive Disorder. Appellant stated on the record that he was satisfied with the services of his attorney at the time he entered the pleas. Appellant denied being threatened or forced to take the pleas. Other than the agreed sentence, Appellant denied that any other promises were made to him.
Our review of the record indicates that when Appellant entered his guilty pleas, the trial court conducted a hearing pursuant to Crim.R. 11 to inform Appellant of the nature of his charges, the nature of the constitutional rights he was waiving by entering into the guilty pleas, and the maximum penalties that could be imposed. Thereafter, Appellant entered the pleas and was given the recommended sentences.
We have reviewed the record and find that his counsel's assistance did not impair Appellant from entering knowingly and voluntary pleas. Accordingly, Appellant failed to meet his burden of proving ineffective assistance of counsel. Appellant's fourth assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT and EVANS, JJ., concur.