OPINION AND JUDGMENT ENTRY
This is an appeal from a May 7, 1998 judgment entry of the Lucas County Court of Common Pleas in which the trial court accepted a guilty plea from appellant, Devonne M. Fagan, found him guilty of aggravated assault with a firearm specification, and sentenced him to serve seventeen months in prison. Appellant has presented one assignment of error that is:
 "DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL BY VIRTUE OF HIS COUNSEL'S RECOMMENDING AND PERMITTING HIM TO PLEAD GUILTY, THUS WAIVING HIS RIGHT TO APPEAL THE TRIAL COURT'S CLEARLY ERRONEOUS DENIAL OF HIS MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS."
As the Second District Court of Appeals has noted, in Ohio "a plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent the defects complained of caused the plea to be less than knowing and voluntary." State v. Barnett (1991), 73 Ohio App.3d 244,249. With that standard in mind, we carefully reviewed the record.
At the time the trial court accepted appellant's guilty plea, the following exchange took place between the trial judge and appellant:
 "THE COURT: Okay. Do you also understand that when you enter a plea of guilty you for all practical purposes give up your right to appeal except you do have the limited right to appeal any mistakes I might make in the acceptance of your plea or the imposition of sentence. Do you understand that?
"THE DEFENDANT: Yes, Your Honor.
 "THE COURT: Now, you understand specifically that by pleading guilty to this charge, you are giving up your right to claim that your rights to a speedy trial were violated. Do you understand that?
"THE DEFENDANT: Excuse me, Your Honor?
 "THE COURT: You filed a motion to dismiss the charge because of your violation of the rights under the speedy trial act. Do you understand that?
"THE DEFENDANT: Yeah, I filed it. Yes.
 "THE COURT: That's a defense that you have to this charge against you — your speedy trial rights were violated. You understand that?
"THE DEFENDANT: I don't —
 "THE COURT: Let me ask you a few questions here, Mr. Fagan. You filed a motion to dismiss, or Mr. Riley did, the charges against you because you say that your rights under the speedy trial act were violated.
"THE DEFENDANT: Yes, Your Honor.
"THE COURT: I denied that motion.
"THE DEFENDANT: Denied all three of them, Your Honor.
 "THE COURT: Denied all three of them. Oral and written.
"THE DEFENDANT: Yeah.
 "THE COURT: So you understand by pleading guilty to this charge you give up your right to appeal any mistakes I may have made in the rulings on your speedy trial rights. Do you understand that?
 "THE DEFENDANT: Now, now that you are telling me this I do, but I didn't understand it beforehand.
"THE COURT: You understand it now?
"THE DEFENDANT: Yes, Your Honor.
 "THE COURT: All right. And this is what you wish to do, go ahead and enter this plea of guilty and in effect giving up your right to appeal or raise the issue any longer of the speedy trial issue?
"THE DEFENDANT: Yeah. Yes, Your Honor.
 "THE COURT: Now, have you had an opportunity to discuss this case with your lawyer?
 "THE DEFENDANT: Yes, but we didn't — he didn't discuss none of this with me, Your Honor. He didn't say nothing about the speedy trial stuff, that that had anything to do with a defense at trial or anything like that. I didn't understand none of that, Your Honor.
 "THE COURT: When you plead guilty, you give up your right to raise to a higher court any mistakes I may have made with regards to your ruling on your motion to dismiss because of the speedy trial act. Do you understand that?
"Do you understand that's what's going to happen?
"THE DEFENDANT: Yes, I understand that, Your Honor.
"THE COURT: Okay. And this is what you wish to do?
"THE DEFENDANT: Yes, Your Honor.
The record shows the trial court carefully and thoroughly explained the charges against appellant, the rights he would waive if he entered his guilty plea, and the possible penalties that could be imposed by the court if appellant was found guilty by the court. The trial court found that appellant was knowingly, voluntarily and intelligently entering his guilty plea before it accepted the plea, found him guilty and sentenced him.
The Supreme Court of Ohio has ruled:
 "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle
[1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984], 466 U.S. 668, followed.)" State v. Bradley
(1989), 42 Ohio St.3d 136, 137, paragraph two of the syllabus.
Even assuming arguendo that appellant's statements to the trial court were true, and that his counsel's performance fell below an objective standard of reasonable representation because he did not tell appellant that a guilty plea would waive appellant's right to challenge speedy trial issues on appeal, appellant still has not proved he received ineffective assistance of counsel.
Appellant cannot show that he was prejudiced by his counsel's alleged failure to inform him about the waiver of speedy trial issues on appeal with the entry of a guilty plea, because the trial court fully informed appellant of that very issue. Appellant said he understood he was waiving his right to appeal any speedy trial issues and he still wanted to enter a guilty plea. Accordingly, the record shows that appellant's guilty plea was knowing, voluntary and intelligent, and this court will not consider the merits of any argument presented related to the waived issue of speedy trial rulings that were made before he entered his plea. Appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
Richard W. Knepper, J.
Mark L. Pietrykowski, J.
CONCUR.