OPINION
Defendant-appellant Adam Jordan appeals from his conviction and sentence, following a guilty plea, to three counts of Aggravated Trafficking. Jordan contends that he did not receive effective assistance of counsel, that the trial court committed plain error by failing to merge two of the counts to which he pled guilty, and that he did not knowingly and voluntarily waive his right to a trial.
We conclude that a guilty plea waives any ineffective assistance of trial counsel that may have preceded the plea, except to the extent that the ineffective assistance caused the plea to be less than knowing and voluntary. There is nothing in this record to demonstrate that Jordan's guilty plea was other than knowing and voluntary.
With respect to Jordan's claim that the trial court should have merged two of the three counts, there is nothing in the record to demonstrate error in this regard. It appears that the two counts to which he refers involved sales of crack cocaine to different persons, which constitute different offenses.
Because we find no merit to any of Jordan's assignments of error, the judgment of the trial court is Affirmed.
 I
Jordan was arrested and charged with three counts of Aggravated Trafficking, each accompanied by a specification that the offense was committed within 1,000 feet of a school, and by a specification that Jordan had a prior offense of violence. Jordan entered into a plea bargain, whereby the State agreed to drop all specifications in exchange for Jordan's plea of guilty to the three counts. Following a plea hearing, the trial court found that Jordan's tendered plea was knowing and voluntary, and accepted it. Subsequently, he was sentenced to two years on each count, to be served consecutively. From his conviction and sentence, Jordan appeals.
 II
Jordan's First and Third Assignments of Error are as follows:
 APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AS REQUIRED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 APPELLANT DID NOT KNOWINGLY AND VOLUNTARILY WAIVE HIS RIGHT TO A TRIAL.
A plea of guilty waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary. State v. Barnett (1991),73 Ohio App.3d 244, at 249.
Jordan predicates his claim of ineffective assistance of trial counsel upon the ground that he did not have an opportunity to review the discovery in the case. There is nothing in the record to demonstrate that Jordan was not permitted to review the discovery provided in this case. Furthermore, even if it could be demonstrated that Jordan's trial counsel had failed to seek available discovery, or had failed to share that discovery with Jordan, there is nothing in this record to demonstrate that Jordan's guilty plea was less than knowing and voluntary, as a result. We have reviewed the transcript of the plea hearing, and the colloquy between the trial court entry satisfied all of the requirements in Crim.R. 11. This was not an Alford plea, accompanied by protestations of innocence. To the contrary, Jordan acknowledged, at the plea hearing, that he was guilty of the charged offenses.
We find nothing in this record to demonstrate that Jordan's guilty plea, which was the product of a plea bargain in which he received substantial concessions, was other than knowing and voluntary. Accordingly, Jordan's First and Third assignments of error are overruled.
 III
Jordan's Second Assignment of Error is as follows:
 THE TRIAL COURT VIOLATED SECTION 2941.25 OF THE OHIO CONSTITUTION; AND THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION; THEREBY COMMITTING PLAIN ERROR; BY FAILING TO DISALLOW MULTIPLE CONVICTIONS ON COUNTS II AND III OF THE INDICTMENT IN THAT SAID COUNTS ONLY CONSTITUTED ONE OFFENSE.
Two of the counts with which Jordan was charged allegedly occurred at the same time and place. In arguing that the trial court should have merged the two counts, or at least held a hearing on the merger issue, Jordan relies upon an interoffice communication from the "Intelligence Unit," which provides, in pertinent part, as follows:
 On this date, the Intelligence Unit was contacted by a confidential informant (C.I.) who stated that he/she could purchase crack cocaine from Adam N. Jordan at 629 S. Limestone Street, Apt. D. Det. Nourse met with the C.I. and the C.I. was searched and hand bag wired by Det. Nourse. The C.I. was then handed the buy money by Det. Nourse. Det. Nourse drove the C.I. to the area at 629 S. Limestone St., and the silver Chevrolet, was the C.I. exited the vehicle. The C.I. then walked to 629 S. Limestone St., Apt. D and was met by Adam N. Jordan. Also in the apartment was a Mary Biddle. While the C.I. talked to Jordan about wanting to make a crack purchase, Mary Middle also wanted to make a $10.00 crack cocaine purchase. Mary Middle added her $10.00 to the $40.00 buy money and the CI handed Adam Jordan the money. Adam Jordan left the apartment and was observed walking to the rear of 19 E. Clark St. Jordan left there a short time later and returned to 629 S. Limestone St., Apt. D. Once back inside, Jordan handed $10.00 piece of crack cocaine to Mary Biddle and then handed the CI other pieces of crack cocaine. A short time later, the CI exited 629 S. Limestone St., Apt. D and returned to Det. Nourse, handing Det. Nourse the pieces of crack cocaine purchased.
 The CI was re-searched and wire removed by Det. Nourse. Det. Flores was in the area of the transaction conducting surveillance and audio-taping from the blue-Ford. Sgt. Hill was also conducting surveillance from the white Chevrolet.
The crack cocaine was field tested positive for cocaine.
Jordan contends that his sales of crack cocaine to the confidential informant and to Mary Biddle were really only one transaction, because the monies received from each were, at one point, all in the confidential informant's possession. We find no merit to this argument. The confidential informant was accommodating Mary Biddle, who was clearly sold crack cocaine in a separate transaction.
In arguing that these offenses should have been merged, Jordan relies upon R.C. 2941.25, which provides as follows:
 (A) Where the same conduct by defendant can be construed two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kinds committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
Courts have consistently upheld multiple convictions where each conviction involves a separate victim. See, for example,State v. Gregory (1993), 90 Ohio App.3d 124, 129. Although the sale of a narcotic drug is consensual, we conclude that the purchaser is a victim in the sense that the criminal prohibition is intended, at least in part, to protect prospective purchasers from the bad effects of illegal drugs. Thus, we conclude that the sale of narcotic drugs to multiple purchasers is analogous, and there is a separate animus for each purchaser, regardless of the fact that the sale occurred at the same time and place, and under similar circumstances.
Jordan's Second Assignment of Error is overruled.
 IV
All of Jordan's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Stephen C. Collins, S. Todd Brecount, Adam N. Jordan, Hon. Gerald Lorig.