OPINION
Steven Toms is appealing the judgment of the Clark County Common Pleas Court convicting him of attempted involuntary manslaughter.
On December 20, 1996, Mr. Toms consumed alcohol, smoked marijuana, and used inhalants. While under the influence of these intoxicants, Mr. Toms began operating his vehicle and struck another vehicle in an intersection. As a result of the collision, Bruce Schultz was killed and his wife, Dawn Schultz, was severely injured. Thereafter, the State of Ohio (hereinafter "State") indicted Mr. Toms on one count each of aggravated vehicular homicide, a third degree felony; involuntary manslaughter, a third degree felony; and aggravated vehicular assault, a fourth degree felony.
As part of a plea bargain, on January 23, 1998, Mr. Toms pled guilty to one count of involuntary manslaughter, a third degree felony, and an amended count of attempted involuntary manslaughter, a fourth degree felony. In exchange for the guilty plea, the State dismissed the count of aggravated vehicular homicide. On February 6, 1998, Mr. Toms received a five year sentence for involuntary manslaughter and eighteen months for the count of attempted involuntary manslaughter, which were to run consecutively. On August 16, 2000, Mr. Toms moved this Court for a delayed appeal which was granted and is before us now.
Mr. Toms asserts the following assignments of error:
 1. PLAIN ERROR OCCURRED WITH THE PLEA OF ATTEMPTED INVOLUNTARY MANSLAUGHTER.
 2. DEFENDANT'S RIGHTS TO DUE PROCESS, AND COUNSEL WERE ALL PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
Appellant's first assignment of error:
Mr. Toms argues that the crime of attempted involuntary manslaughter is a logical impossibility and therefore plain error occurred when the trial court accepted his plea to this offense. We disagree.
The invited error doctrine provides that "a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." State ex rel. The V Cos. v. Marchall (1998),81 Ohio St.3d 467, 471. The Ohio Supreme Court has stated that invited error occurs when defense counsel "was actively responsible for the trial court's error" or "when a party has asked the court to take some action later claimed to be erroneous." State v. Campbell (2000),90 Ohio St.3d 320, 324, rehearing denied (2001), 91 Ohio St.3d 1433, certiorari denied (2001), 121 S.Ct. 2606, quoting State v. Kollar
(1915), 93 Ohio St. 89, 91. In State v. Wickham, the court held that a defendant entering into a negotiated guilty plea to attempted involuntary manslaughter, even if a nonexistent offense, was not reversible error. (Sept. 28, 1977), Muskingum App. No. CA 76-40, unreported.
Mr. Toms argues attempted involuntary manslaughter is a nonexistent offense because the mens rea necessary for the crime of attempt is purposely or knowingly while the mens rea for the crime of involuntary manslaughter is only recklessness, making attempted involuntary manslaughter an impossibility. We need not address whether attempted involuntary manslaughter is a nonexistent offense because Mr. Toms invited any error the trial court may have made in accepting the plea. Mr. Toms negotiated the plea to attempted involuntary manslaughter in exchange for the State dismissing the charge of aggravated vehicular homicide. When asked by the trial court how it would like to proceed, Mr. Toms's attorney stated that he wished to enter a plea of guilty to the charges of involuntary manslaughter and attempted involuntary manslaughter. In so doing, Mr. Toms invited the trial court to commit an error in accepting his guilty plea to attempted involuntary manslaughter. As any error in accepting the plea would be invited error, Mr. Toms shall not benefit from the error by receiving a reversal of the conviction. Mr. Toms's first assignment of error is without merit and overruled.
Appellant's second assignment of error:
Mr. Toms argues that he received ineffective assistance of counsel by his counsel's failure to object to the plea of attempted involuntary manslaughter. We disagree.
A defendant may have a judgment against him reversed if he can demonstrate that he received ineffective assistance of counsel thereby violating his right to counsel. State v. Bradley (1989),42 Ohio St.3d 136, certiorari denied (1990), 497 U.S. 1011. However, this Court has previously stated that "a guilty plea waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent that the defects complained of caused the plea to be less than knowing and voluntary." State v. Jordan (Nov. 5, 1999), Clark App No. 98-CA-95, unreported, citing State v. Barnett (1991),73 Ohio App.3d 244, 249.
Mr. Toms argues that his trial counsel was ineffective for failing to object to the plea of attempted involuntary manslaughter and letting her client plea to this charge. This failure which Mr. Toms claims rendered his counsel ineffective does not make his plea less than knowing and voluntary. Further, at the sentencing hearing, Mr. Toms's attorney and letters offered on Mr. Toms' behalf repeatedly asserted that the collision was a tragic accident and thus, pleading to involuntary manslaughter, an unintentional killing, rather than aggravated vehicular homicide and aggravated vehicular assault allowed Mr. Toms to continue to believe the deaths were accidental. (2/6/98 Tr. 9, 19). The trial court properly questioned Mr. Toms at the plea hearing and Mr. Toms was aware that the maximum penalty under the charges he was pleading to was the same as the maximum penalty if he was convicted of the other charges at trial. (1/23/98 Tr. 5, 9) Mr. Toms at the hearing testified that he understood the possible penalties in his case, his rights he was waiving, and the nature of the charges against him. (Id. 14). Nothing in the record demonstrates that Mr. Toms's plea was less than knowing and voluntary. At the plea hearing, Mr. Toms acknowledged that he was guilty of the charged offenses. Therefore, since Mr. Toms pled guilty and nothing in the record demonstrates that his plea was other than knowing and voluntary, we find that Mr. Toms was not rendered ineffective assistance of counsel and his second assignment of error is without merit.
The judgment of the trial court is affirmed.
BROGAN, J. and GLASSER*, J., concur.
* Hon. George M. Glasser sitting by assignment of the Chief Justice of the Supreme Court of Ohio.