OPINION
Appellant, Tyron R. Wotring, appeals from the judgment entered by the Lake County Court of Common Pleas. Wotring pled guilty to one count of murder and was sentenced to fifteen years to life.
Wotring began living with Glen Jefferson in June of 1998. The situation soon deteriorated. Wotring stated he was afraid of Jefferson. He claimed Jefferson had told him that he had killed people. Wotring thought he was going to be killed by Jefferson.
One night in August 1998, Wotring and Jefferson were with mutual friends. Some witnesses, including Wotring, stated that Jefferson had been drinking. Upon returning to their residence, Wotring thought Jefferson was going to get a gun and kill him. In order to prevent this from occurring, Wotring hit Jefferson in the back of the head with a fire extinguisher. Wotring continued to beat Jefferson with the fire extinguisher for three or four hours. Jefferson died as a result of these injuries. After Jefferson had died, Wotring cut his brain out of his head and placed it in the freezer. He stated that he did this because he felt remorseful, and he believed that scientists would be able to clone Jefferson if he froze the brain. Wotring then cleaned up the residence and went to work.
In August 1998, Wotring was indicted for one count of aggravated murder, one count of murder, and one count of abusing a corpse. Wotring entered pleas of not guilty and not guilty by reason of insanity to all of these charges. The trial court ordered Wotring to see two medical experts to determine if he was competent to stand trial and if he qualified for the not guilty by reason of insanity defense.
Wotring saw these experts. They determined that Wotring was competent to stand trial in this case. They further determined that Wotring was not insane when he killed Jefferson. However, they determined that Wotring was insane when he dismembered the corpse, as "the shock and horror of the homicide activated the more fragmented aspects of his mental disease." After this determination, Wotring withdrew his not guilty and not guilty by reason of insanity pleas, and entered a plea of guilty to the murder count. In exchange for this plea, the aggravated murder and abuse of corpse charges were dropped.
Wotring raises two assignments of error. The first assignment of error is:
 "The appellant received ineffective assistance of trial counsel, in violation of his rights, pursuant to the Sixth Amendment of the Constitution of the United States and Article 1, Section 10, of the Constitution of the State of Ohio."
 Wotring argues that his trial counsel was ineffective, because counsel should not have accepted the conclusions of the two medical experts. Their statements concluded that Wotring understood killing was wrong and, therefore, he did not qualify for the defense of not guilty by reason of insanity. Wotring argues that trial counsel should have requested additional examinations to contradict the original findings. We agree. Wotring also claims his trial counsel was ineffective because counsel failed to discover analogous case law where defendants succeeded with not guilty by reason of insanity pleas.
A claim for ineffective assistance of counsel is waived by a guilty plea, unless the ineffective assistance caused the guilty plea "to be less than knowing and voluntary." State v. Lewis (Aug. 19, 1994), Trumbull App. No. 92-T-4687, unreported, 1994 LEXIS App. No. 3652, at *10-11, citing State v. Barnett (1991), 73 Ohio App.3d 244. Wotring originally entered pleas of not guilty and not guilty by reason of insanity. Wotring, therefore, would not have voluntarily pled guilty to murder, if the not guilty by reason of insanity defense was available. Wotring has not waived his right to challenge the effectiveness of counsel.
"Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation, and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. (Adopting the test set forth in Stricklandv. Washington (1984), 466 U.S. 668.)
"A person is `not guilty by reason of insanity' relative to a charge of an offense only if the person proves * * * that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts." R.C. 2901.01(A)(14). This burden is on the defendant and must be proved by a preponderance of the evidence. State v. Filiaggi (1999),86 Ohio St.3d 230, 242.
Essentially, Wotring's argument in relation to analogous case law is identical to his primary argument, that counsel was ineffective for failing to request additional examinations. Findings of sanity or insanity in previous cases have no precedental effect on subsequent cases. A determination of sanity is subjective and is to be made on a case by case basis. The only thing that researching the analogous case law would have accomplished, was to put Wotring's trial counsel on notice that the facts of this case, when compared to prior cases, were disturbing enough to possibly support a finding of insanity.
The facts of this case are particularly disturbing. An individual was killed with a fire extinguisher during a three to four-hour beating. This court can not even imagine how many times the victim was hit with the fire extinguisher over the three to four-hour beating or what was going through appellant's head as he continued to bludgeon the victim. After the beating, appellant cut the victim's brain out of his head and froze it, believing it could be used to clone the victim.
Based on these facts, appellant's trial counsel should have requested additional psychiatric examinations. An attorney should be able to recognize that a fact pattern such as this could result in a finding of insanity by a medical professional. Further, the first examination by the court ordered experts resulted in a rather convenient conclusion, that appellant was sane when he repeatedly hit the victim with a fire extinguisher for over three hours, but then he lost his sanity when he removed the victim's brain. Appellant's trial counsel knew that these medical professionals had concluded that appellant was insane immediately after the killing. It was, therefore, probable that a different medical expert could conclude that appellant was also insane a few hours earlier, at the time of the killing. We hold that the failure of appellant's trial counsel to even request additional examinations of his client fell below the objective standard of reasonable representation.
Since the performance of appellant's counsel fell below an objective standard of reasonable representation, the first prong of the Strickland
test for ineffective assistance of counsel has been met. The next inquiry is whether appellant was prejudiced by this performance. Again, appellant initially entered a plea of not guilty by reason of insanity. Counsel's performance prevented him from possibly using this defense. Therefore, appellant was prejudiced by the performance of his trial counsel, and the second prong of the Strickland test is also met.
Wotring's first assignment of error has merit.
Wotring's second assignment of error is:
 "The trial court committed reversible error by failing to adequately advise the appellant of the maximum penalty involved for the crime to which the appellant pled guilty, in violation of Crim.R. 11(C)."
 By finding that Wotring's first assignment of error has merit, this assignment of error is moot.
The guilty plea entered by in this case is retracted, because Wotring was denied the effective assistance of counsel. The judgment of the trial court is reversed, and the case is hereby remanded to the trial court for further proceedings.
FORD, J., concurs, GRENDELL, J., dissents with Dissenting Opinion.