OPINION
{¶ 1} Defendant, Deval Ward, appeals from his conviction and sentence on two counts of rape, one count of kidnaping, and one count of felonious assault, which were entered upon his guilty pleas.
 {¶ 2} Defendant was indicted on seven counts of rape, R.C.2907.02(A)(2), two counts of kidnaping, R.C. 2905.01(A)(3) and (4), one count of felonious assault, R.C. 2903.11(A)(2), and two counts of complicity to commit felonious assault, R.C. 2923.03, R.C. 2903.11(A)(1). Thirteen days before his trial was scheduled to begin, Defendant filed a motion to suppress evidence of statements he made to police. A hearing on the motion was held on July 6 and 12, 2001.
 {¶ 3} At the conclusion of the hearings the trial court indicated that it would announce its decision on the motion to suppress the following day, July 13, at 3:00 p.m. The trial court also placed on the record the specific terms of a plea offer made by the State, which was conditioned on Defendant's withdrawing his motion to suppress and accepting the offer before the trial court announced its decision on the motion to suppress.
 {¶ 4} On July 13, 2001, Defendant accepted the State's plea offer by withdrawing his motion to suppress and entering pleas of guilty to two counts of rape, one count of kidnaping, and one count of felonious assault. The State dismissed the remaining charges, and the parties agreed that Defendant would be sentenced to six to twenty years. The trial court subsequently sentenced Defendant to terms of imprisonment totaling eighteen years and classified him a sexual predator.
 {¶ 5} Defendant timely appealed to this court from his conviction and sentence. He presents one assignment of error for review.
 {¶ 6} "DEFENDANT-APPELLANT WAS DENIED HIS DUE PROCESS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 7} Defendant presents two arguments in support of his assignment of error. First, he argues that trial counsel was ineffective for failing to file the motion to suppress earlier than he did. Second, he argues that his counsel advised him to accept the State's plea offer even though his suppression motion had not yet been decided.
 {¶ 8} In Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, the United States Supreme Court set forth the standard for judging claims of ineffective assistance of trial counsel:
 {¶ 9} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or setting aside of a death sentence requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.
 {¶ 10} "The proper standard for judging attorney performance is that of reasonably effective assistance, considering all the circumstances. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.
 {¶ 11} "With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Syllabus, 2. Accord: State v. Bradley (1989), 42 Ohio St.3d 136. Further, and when possible, the prejudice prong of an ineffective assistance of counsel claim should be resolved first, before the deficient performance prong. Strickland, supra.
 {¶ 12} A guilty plea waives the right to claim that the accused was prejudiced by constitutionally ineffective counsel, except to the extent that the conduct complained of caused the plea to be less than knowing and voluntary. State v. Jordan (Nov. 5, 1999), Clark App. No. 98-CA-95; State v. Barnett (1991), 73 Ohio App.3d 244, 249.
 {¶ 13} Defendant argues that his plea was less than knowing and voluntary because he was required to decide whether to accept or reject the State's plea offer before his motion to suppress was decided. He attributes this narrow window of opportunity to the fact that his attorney filed the motion only thirteen days prior to trial, which operated to unduly shorten the period between the hearings on the motion, the court's decision on the motion, and his trial date. This, according to Defendant, was deficient performance which operated to his prejudice.
 {¶ 14} We are not aware why counsel waited thirteen days prior to trial to file the motion to suppress. It may be that he was unaware of its grounds until then. But, assuming that he was aware and that he might have filed the motion earlier, the prejudice that an ineffective assistance of counsel claim requires simply isn't portrayed. Two reasons support that conclusion.
 {¶ 15} First, the decision to condition the plea offer on Defendant's acceptance of it before the court ruled on the motion was the State's, and the State could have attached the same condition to its offer even had the motion been filed and heard earlier. The significance of the timing involved is in relation to the time between the State's offer and the court's decision on the suppression motion, not to the trial date the court had set.
 {¶ 16} Second, we have carefully reviewed the plea colloquy and find that it fully satisfies the requirements of Crim.R. 11(C) for a knowing and voluntary plea.
 {¶ 17} The prejudice contemplated by Strickland is some undue detriment to a defendant's legal rights, not merely some disadvantage visited on him in defending against the charges involved. Advantages and disadvantages are inherent in the adversary process. The fact that one side leverages some advantage it enjoys to the disadvantage of its adversary doesn't amount to prejudice, at least so long as that party isn't denied some right which by law it is guaranteed. That denial isn't portrayed merely because the party is "put between a rock and a hard place," as Defendant was here.
 {¶ 18} Defendant argues that, even so, he was prejudiced because comments the court made during the hearing indicated that it might grant his motion to suppress, and had the court denied the motion his attorney would have had but three days to prepare for trial, which was not enough time to prepare to competently represent him. However, counsel's trial preparation needn't commence with the court's decision on the motion, and comments from the bench are notoriously poor indicators of how a court will ultimately rule. These contentions are mere speculations, and are not a basis on which to reverse.
 {¶ 19} Defendant's other argument in support of his assignment of error is that his trial counsel was ineffective for recommending that he accept the State's offer when the court's comments had indicated the likely success of his motion to suppress. Had the court granted the motion, Defendant argues, the outcome of the proceeding clearly would have been different.
 {¶ 20} The outcome might have been different had the court granted Defendant's motion. The likelihood of that depends on the evidence other than Defendant's statements that the State might introduce at trial. On this record, we don't know what that evidence was. Neither do we know from this record what advice Defendant's attorney gave him. Nor do we know whether the court would have granted the motion to suppress. Those propositions are fraught with speculation and cannot be determined from the record before us.
 {¶ 21} The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and YOUNG, J., concur.