DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the November 20, 2002 judgment entry of the Fulton County Court of Common Pleas which denied appellant Daniel L. Rittner Sr.'s post-sentence motion to withdraw his guilty plea. Appellant, pro se, sets forth the following six assignments of error:
 {¶ 2} "I. Abuse of discretion
 {¶ 3} "II. Lack of jurisdiction
 {¶ 4} "III. Ineffective assistance of counsel
 {¶ 5} "IV. Failure to hold competency hearing
 {¶ 6} "V. Error allowed insane defendant to enter guilty plea-waive constitutional rights
 {¶ 7} "VI. Failed in error to provide defense presentence investigation report."
 {¶ 8} On January 22, 1993, appellant entered a guilty plea to two counts of rape, in violation of R.C. 2907.02(A)(1)(b), first degree felonies. Appellant was sentenced to two concurrent sentences of six to 25 years, with six years of actual incarceration.
 {¶ 9} On October 3, 2002, appellant filed a motion to withdraw his guilty plea. The motion was dismissed on November 20, 2002, and appellant commenced the instant appeal.
 {¶ 10} In his first assignment of error, appellant argues that the trial court's denial of appellant's motion to withdraw his guilty plea was an abuse of discretion. Specifically, appellant contends that the trial court erred by basing its decision on the fact that a guilty plea had, in fact, been entered and on appellant's significant delay in filing the motion.
 {¶ 11} In appellant's motion to withdraw his guilty plea, he argued that because he was mentally incompetent at the time of his plea, the plea was involuntary. In opposition, the state argued that appellant's motion was, in substance, a postconviction petition and untimely because it was filed after the expiration of the 180 day time period prescribed in R.C. 2953.21. The state further argued that because the motion was a petition for postconviction relief, it was also barred by the doctrine of res judicata.
 {¶ 12} The trial court, in its November 20, 2002 judgment entry, denied appellant's motion to withdraw his guilty plea, and various other motions, stating:
 {¶ 13} "State argues Defendant's guilt was clear and unambiguous, that his Motions are not sentient nor timely, and that they are now time barred under the doctrine of `res judicata.'
 {¶ 14} "It would appear State's arguments and position have the preponderance in this matter, that Defendant's various Motions must be found not to be in the interest of justice, that they must be denied; ***."
 {¶ 15} In State v. Bush (2002), 96 Ohio St.3d 235,2002-Ohio-3993, the Ohio Supreme Court held that "R.C. 2953.21 and 2953.23
do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea." The court reasoned that a postsentence motion to withdraw a guilty plea exists independently from a petition for postconviction relief. Id. at ¶ 14. The court further noted that Crim.R. 32.1 does not prescribe a time limitation but that timeliness may be a consideration when assessing the credibility of the movant. Id.
 {¶ 16} Based on the foregoing, we conclude that the court erred in summarily ruling against appellant's motion to withdraw his guilty plea without ruling on the merits. See Crim.R. 32.1; State v. Smith (1977),49 Ohio St.2d 261. Accordingly, appellant's first assignment of error is well-taken.
 {¶ 17} In appellant's second assignment of error, he contends that the trial court lacked jurisdiction because at the time of the conviction he was a ward of the probate court. Upon careful review of the record, we find no evidence that appellant was a ward of the probate court at the time of the offenses or at the time his plea was accepted by the court. Appellant's second assignment of error is not well-taken.
 {¶ 18} In his third assignment of error, appellant argues that his defense counsel was ineffective. Legal representation is constitutionally ineffective and the basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in prejudice to the accused. Strickland v. Washington (1984), 466 U.S. 668. In order to prove ineffective assistance of counsel, a defendant must show (1) that his counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects and (2) that he was so prejudiced by the defect or defects that there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus. When, however, a defendant enters a guilty or no contest plea, he waives the right to claim that he was prejudiced by constitutionally ineffective counsel, unless the conduct complained of is shown to have prevented the defendant from making a knowing and voluntary plea. State v. Barnett (1991),73 Ohio App.3d 244, 248-249.
 {¶ 19} In appellant's merit brief, he states that his defense counsel did not know of his mental condition and that "counsel failed to investigate appellant's social and medical background which would have revealed an extensive history of severe mental illness." Appellant concedes that neither he nor his family revealed such information to defense counsel.
 {¶ 20} Upon review of the record, we note that appellant's counsel negotiated a plea agreement whereby two of the four counts in the indictment were dismissed, rape and felonious sexual penetration, and the force specification was removed from the remaining counts. Appellant has presented no evidence that his counsel failed to fully investigate the case; during the plea hearing, appellant indicated that he was "very satisfied" with his attorney. Because appellant has failed to demonstrate that his defense counsel's performance fell below an objective standard of reasonableness, appellant's third assignment of error is not well-taken.
 {¶ 21} Appellant's fourth assignment of error asserts that the trial court erred in failing to hold a competency hearing. At the time of the initial trial court proceedings, R.C. 2945.37(A) provided, in relevant part:
 {¶ 22} "In a criminal action in a court of common pleas or municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before trial, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after trial has begun, the court shall hold a hearing on the issue only for good cause shown."
 {¶ 23} It is undisputed that the issue of appellant's competency was not raised prior to sentencing. Further, nothing in the plea or sentencing transcripts suggests that appellant was incompetent during the proceedings. Accordingly, because the court was not required to hold a competency hearing, appellant's fourth assignment of error is not well-taken.
 {¶ 24} In appellant's fifth assignment of error, he argues that the trial court erred by allowing a mentally incompetent defendant to waive his constitutional rights. Again, at the time of the proceedings, the issue of competency had not been raised. The record contains no evidence that appellant was incompetent; he responded clearly and appropriately to the judge's questioning. Further, as cited by the state, an individual is presumed competent to stand trial. See former R.C.2945.37(A). Based on the foregoing, appellant's fifth assignment of error is not well-taken.
 {¶ 25} In appellant's sixth and final assignment of error, he contends that the trial court erred by failing to provide him with the presentence investigation ("PSI") report. The version of Crim.R. 32.2 effective at the time of the proceedings provided, in part: "In felony cases the court shall, and in misdemeanor cases may, order a presentence investigation report before granting probation."
 {¶ 26} In the present case, appellant was not eligible for probation; thus, the court was not required to order a PSI report. Further, appellant's counsel requested a waiver of the PSI report because appellant desired a prompt sentencing date. Appellant's sixth assignment of error is not well-taken.
 {¶ 27} On consideration we find that, appellant's first assignment of error being well-taken, this matter is remanded for further proceedings on appellant's motion to withdraw his guilty plea. The judgment of the Fulton County Court of Common Pleas is reversed, in part, and affirmed, in part. Appellee is ordered to pay the costs of this proceeding.
 JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.