OPINION
{¶ 1} Defendant-Appellant, Maceo Conley, appeals from the judgment of conviction and sentence entered after his guilty plea to one count of Having a Weapon Under Disability, in violation of R.C. 2923.13(A)(2) and (A)(3), a felony of the third degree and one count of Negligent Homicide, in violation of R.C. 2903.05, a misdemeanor of the first degree. A timely Notice of Appeal was filed on September 29, 2005. On November 28, 2005, counsel for Appellant filed a brief, pursuant to Anders v. California
(1967), 386 U.S. 738, 87 S.Ct. 2094, 18 L.Ed.2d 1377, indicating that the within appeal was wholly frivolous and setting forth a single Assignment of Error as follows:
 {¶ 2} "TRIAL COUNSEL WAS INEFFECTIVE IN PROVIDING ASSISTANCE TO DEFENDANT/APPELLANT AT HIS SENTENCING HEARING."
 {¶ 3} On November 28, 2005, counsel for Appellant also filed a Motion to Withdraw. On December 13, 2005, counsel filed a notice wherein he certified that Appellant had been duly served with a copy of the brief and notified of his right to file a pro se brief. Although Appellant was duly notified, according to said certification, of his right to file a pro se brief, no such brief was filed.
 {¶ 4} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that his client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if a meritorious issue exists. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits, if state law so requires. Id.
 {¶ 5} We now turn to Appellant's potential Assignment of Error.
 ASSIGNMENT OF ERROR {¶ 6} "TRIAL COUNSEL WAS INEFFECTIVE IN PROVIDING ASSISTANCE TO DEFENDANT/APPELLANT AT HIS SENTENCING HEARING."
 {¶ 7} Appellant argues in his potential Assignment of Error that he was denied effective assistance of counsel because his attorney failed to assure that a mitigation witness was present at the sentencing hearing thereby causing the trial court to impose a four-year sentence of incarceration rather than a three-year minimum sentence of incarceration.
 {¶ 8} Legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in prejudice to the accused. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. To prevail on this ground, Appellant must meet the test for ineffective assistance of counsel established in Strickland v. Washington. First, Appellant must show that counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects, and, (2) that Appellant was so prejudiced by the defect that there is a reasonable probability that, but for counsel's errors, the results of the trial would have been different.State v. Bradley (1989), 42 Ohio St.3d 244, 248-249,596 N.E.2d 1101. Because of the inherent difficulties in making the first determination, a court must indulge in a strong presumption that the challenged action might be considered sound trial strategy.Strickland, 466 U.S. at 689, 104 S.Ct. at 2065,80 L.Ed.2d at 694-695. Thus, judicial scrutiny of counsel's performance must be highly deferential. Id. at 689, 104 S.Ct. at 2065,80 L.Ed.2d at 694.
 {¶ 9} In this case, Appellant was indicted by the Morgan County Grand Jury for one count of Involuntary Manslaughter, a violation of R.C. 2903.04(A); one count of Tampering with Evidence, a violation of R.C. 2921.12(A)(1); and one count of Having a Weapon Under Disability, a violation of R.C.2923.13(A)(2)(3), a felony of the third degree. After pretrial negotiations, on July 8, 2005, Appellant pled guilty to one count of negligent homicide and one count of having a weapon under disability. Thereafter, the trial court ordered a Pre-sentence Investigation Report and continued the matter for sentencing.
 {¶ 10} Appellant's criminal charges arose from an incident which occurred on December 31, 2004, at a New Year's Eve party. Appellant was a guest at the home of Melissa Mayle to celebrate the holiday with his friends and family. Appellant, a convicted felon, brought a handgun to the party, not to cause harm, but with the intent to discharge the firearm in celebration. During the evening, the handgun accidentally discharged and fatally wounded Kayla Mayle.
 {¶ 11} On September 1, 2005, the trial court conducted a sentencing hearing. Appellant's counsel subpoenaed three family members of the deceased to appear as witnesses on his behalf. The subpoenaed witnesses were Melissa Mayle, Penny Mayle, and Bill Mayle. At the hearing, Melissa Mayle, Kayla Mayle's mother, made an oral victim impact statement; Bill Mayle testified on behalf of Appellant; and Penny Mayle failed to appear.
 {¶ 12} During the hearing, the trial court stated that it had considered Appellant's Pre-sentence Investigation Report. The report consisted of a detailed history of Appellant's prior criminal conduct. Appellant's criminal history included numerous felony offenses, such as carrying concealed weapons charges, criminal trespass, conspiracy to construct and affect commerce by robbery in Kentucky, complicity to transport firearms in interstate commerce in Kentucky, consumption and intoxication in a motor vehicle, aggravated trafficking, having weapons under disability, domestic violence, menacing and assault. The trial court also stated that the current offenses had occurred while Appellant was serving a term of community control for offenses committed in Franklin County, Ohio; that Appellant had previously failed to respond favorably to sanctions; and, that Appellant had a history of drug and alcohol abuse, for which he had refused treatment. The trial court stated that based upon this history, a sentence of four years incarceration was appropriate to both punish the Appellant and protect the community. During the hearing, trial counsel offered mitigating information for the record and requested a minimum sentence of three years on his client's behalf.
 {¶ 13} In deciding upon an appropriate sentence, the trial court considered the victim impact statement, the testimony presented and the Pre-sentence Investigation Report. A four-year sentence was within the sentencing range that could be imposed by the trial court for Appellant's convictions. Therefore, upon review we find that the record does not reflect that counsel's performance was deficient nor does it indicate that counsel's performance prejudiced the Appellant in sentencing. Therefore, we cannot find that Appellant was denied the effective assistance of counsel. Accordingly, after independently reviewing the record, we agree with counsel's conclusion that a meritorious claim does not exist upon which to base an appeal. Hence, we find the appeal is wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 14} The judgment of the Morgan County Court of Common Pleas, General Division, is affirmed.
Wise, P.J. Hoffman, J. and Farmer, J. concur.
 JUDGMENT ENTRY {¶ 15} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Morgan County Court of Common Pleas, General Division, is affirmed.
 {¶ 16} Attorney Steven P. Schnittke's motion to withdraw as counsel for Appellant, Maceo Conley is hereby granted.