This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Stuart Seese, appeals from the judgment of the Lorain County Court of Common Pleas. We affirm.
 I.
On September 1, 1999, Mr. Seese was indicted on one count of gross sexual imposition, pursuant to R.C. 2907.05(A)(4). On August 10, 2000, he was indicted with another count of gross sexual imposition, pursuant to R.C. 2907.05(A)(4), based upon an incident involving a second victim. On August 24, 2000, Mr. Seese pled guilty to both counts. A sentencing hearing and sexual predator hearing were held on December 8, 2000. Mr. Seese was classified as a sexual predator and sentenced to two years of imprisonment on the first count of gross sexual imposition and three years of imprisonment on the second count of gross sexual imposition. The sentences were to be served consecutively. This appeal followed.
 II.
Mr. Seese asserts three assignments of error. We will discuss each in turn.
 A. First Assignment of Error WHETHER APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL[.]
In his first assignment of error, Mr. Seese asserts that he was deprived of his Sixth Amendment right to effective assistance of counsel. We disagree.
A criminal defendant is guaranteed the right to the effective assistance of counsel by the Sixth Amendment. See McMann v. Richardson
(1970), 397 U.S. 759, 771, 25 L.Ed.2d 763, 773, fn. 14. A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof, and must overcome the strong presumption that counsel's performance was adequate and that counsel's action might be sound trial strategy. State v. Smith (1985), 17 Ohio St.3d 98, 100. Furthermore, an attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174.
"When a defendant enters a plea of guilty as part of a plea bargain he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea." State v. Barnett (1991), 73 Ohio App.3d 244,248. Moreover, "`to establish prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" State v. English (Mar. 8, 2000), Lorain App. No. 99CA007408, unreported, at 5, quoting State v. Bishop (Mar. 9, 1998), Warren App. No. CA97-07-081, unreported, 1998 Ohio App. LEXIS 866, at *3-4.
In the present case, Mr. Seese assigns several reasons why he has been denied the effective assistance of counsel with regard to his plea of guilty on the gross sexual imposition charges. He asserts that his counsel was ineffective because such counsel: 1) failed either to request or inquire into a change of venue; 2) failed to make a comprehensive investigation, including investigating the fact that Mr. Seese told counsel that one of the children initiated the sexual contact despite his statements to her that such behavior was inappropriate, investigating the age of the victims, and investigating and reviewing with Mr. Seese the information on the presentence investigation report; 3) failed to interview potential witnesses or follow up on any exculpatory or potentially exculpatory evidence; 4) did not discuss the facts of the case or trial strategy with Mr. Seese; 5) did not present mitigation evidence at the sentencing hearing; 6) did not file a notice of appeal on behalf of his client; and 7) failed to challenge the sentence imposed upon Mr. Seese.
With regard to the sexual predator classification, Mr. Seese asserts that his counsel was ineffective because such counsel: 1) did not inform Mr. Seese that a sexual predator hearing was to be held at the close of the sentencing hearing, that he was entitled to a separate hearing, or that he could appeal such hearing; 2) never informed Mr. Seese that he had the right to an independent psychological evaluation, to call witnesses and testify on his own behalf, to have the jury present, to present expert witness testimony, and to confront witnesses; 3) did not object to the sexual predator designation because, by stipulating to the facts supporting his conviction, Mr. Seese had not stipulated that he was a sexual predator; and 4) failed to raise a constitutional challenge to his sexual predator classification.
At Mr. Seese's plea hearing, counsel informed the court that he and Mr. Seese had discussed Mr. Seese's guilty plea, including his rights and possible penalties that could be imposed. When asked by the court, Mr. Seese stated that he had discussed his case with his attorney and that he was satisfied with the advise and service that he had been given by such counsel. He also specifically acknowledged that he had gone over his plea sheets with his attorney prior to the hearing. As the court reviewed the guilty plea with Mr. Seese, Mr. Seese was informed by the court that, at the time of sentencing, a hearing would be held to determine if he were a sexual predator.
At the sentencing hearing, Mr. Seese's counsel spoke on his behalf, informing the court that Mr. Seese had begun to accept responsibility for his actions and was getting needed treatment. At the sexual predator hearing, counsel again spoke on Mr. Seese's behalf, telling the court that, through therapy, Mr. Seese had come to realize what constituted appropriate behavior and how he could deal with his problems. Mr. Seese's counsel also argued against the sexual predator classification. Mr. Seese spoke and told the court that, although he recognized that he had a sexual problem, he did not feel that he was a sexual predator.
As Mr. Seese pled guilty to the charges of gross sexual imposition, he waived the right to claim that he was prejudiced by his counsel's performance, except to the extent that the alleged defects complained of caused his plea to be less than knowing or voluntary. See Barnett,73 Ohio App.3d at 248. With regard to the gross sexual imposition charges, appellant has failed to demonstrate that he was prejudiced by his counsel's alleged failure to request or inquire into a change in venue, to make a comprehensive investigation, to interview potential witnesses, or to follow up on exculpatory or potentially exculpatory evidence. Specifically, appellant has not alleged that these alleged failures in any way affected the knowing and voluntary nature of his guilty plea or that he would have insisted on going to trial if counsel had not acted in these allegedly deficient ways. See English, supra, at 5.
Additionally, with regard to Mr. Seese's assertion that his counsel did not discuss the facts of the case or trial strategy, we note that such statements contradict both counsel and Mr. Seese's statements at the plea hearing, as each told the court that they had discussed Mr. Seese's case together. Similarly, his assertion that his counsel's performance was deficient because he was not informed that a sexual predator hearing was to be held is contradicted by the fact that the trial court personally informed Mr. Seese of the sexual predator hearing while counsel was present at the plea hearing. Moreover, with regard to these assertions as well as the other assertions that counsel was deficient for not adequately informing Mr. Seese of his rights at the sexual predator hearing, we find that the determination of such issues are not properly before this court at this time because they would depend upon matters not in the record, as such assertions concern private conversation's between Mr. Seese and his counsel. See, generally, Barnett,73 Ohio App.3d at 249. Further, regarding the assertion that counsel did not present mitigation evidence, upon reviewing the evidence, it is apparent that Mr. Seese's counsel spoke on his behalf at sentencing, explaining the manner in which Mr. Seese had accepted his responsibility and the positive changes that he had made in his life. Mr. Seese has failed to state what other mitigation evidence should have been presented and, thus, has failed to indicate how his counsel's performance was deficient. Finally, with regard to each of these assigned errors, we find that Mr. Seese has neither asserted nor demonstrated how he was prejudiced by his counsel's allegedly deficient performance.
Furthermore, without determining whether there was error, as Mr. Seese presently has an appeal before this court, we find that Mr. Seese has failed to demonstrate any prejudice from counsel's supposed failure to file a notice of appeal on his behalf. Also, although Mr. Seese asserts that his counsel should have objected to the sexual predator classification, because Mr. Seese had not stipulated to such a classification, no where in the record does it appear that the trial court treated this classification as if there was a stipulation involved. Finally, as discussed infra, there was no error in either Mr. Seese's sentence or sexual predator classification and, consequently, Mr. Seese has failed to demonstrate deficient performance by his counsel's failure to raise these alleged errors to the trial court.
Accordingly, we conclude that Mr. Seese has not demonstrated that his counsel's performance was deficient. Further, Mr. Seese has not shown how he was prejudiced by any of the alleged deficiencies. Accordingly, Mr. Seese's first assignment of error is overruled.
 B. Second Assignment of Error WHETHER APPELLANT'S GUILTY PLEAS WERE *[sic] KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE PURSUANT TO CRIMINAL RULE 32.1; CRIMINAL RULE 11; AND THE PROVISION(S) SET FORTH @ Apprendi v. New Jersey, 120 S.Ct. 2348.
In his second assignment of error, Mr. Seese asserts that, due to his ineffective assistance of counsel, his guilty pleas were not knowingly, intelligently, or voluntarily made. We disagree.
Crim.R. 11(C)(2) mandates that in felony cases, before accepting a plea of guilty, the trial court must address the defendant personally, doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
Therefore, "[p]rior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to a jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus.
Although the trial court need not use the exact language contained in Crim.R. 11(C), the trial court must explain these constitutional rights "in a manner reasonably intelligible to that defendant[.]" Id. at paragraph two of the syllabus. Likewise, before accepting a guilty plea, a trial court must substantially comply with the dictates of Crim.R. 11(C). State v. Nero (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id.
In the present case, after both Mr. Seese and his counsel informed the court that they had discussed the implications of his guilty pleas, the court reviewed the charges pending before Mr. Seese, his possible sentence, and consequences of a guilty plea. At the plea hearing, the following discussion occurred:
 THE COURT: Do you believe you understand the consequences of this plea?
THE DEFENDANT: Yes, I do.
 THE COURT: Do you understand that when you enter this plea today you give up your right to a trial by jury?
THE DEFENDANT: Yes, I understand.
 THE COURT: You give up the right to face and confront witnesses who would testify against you?
THE DEFENDANT: Yes.
 THE COURT: You give up the right to call witnesses who would testify for you; do you understand?
THE DEFENDANT: Yes.
 THE COURT: You give up your right against self-incrimination, because you make an admission today in open court; do you understand?
THE DEFENDANT: Yes
 THE COURT: You give up the right to have the State prove your guilt beyond a reasonable doubt; do you understand?
THE DEFENDANT: Yes.
 THE COURT: Has there been any force or threat to get you to plead?
THE DEFENDANT: No.
THE COURT: Any promises or other representations?
THE DEFENDANT: No.
While Mr. Seese avers that his pleas were neither knowing, intelligent, nor voluntary due to his ineffective assistance of counsel, this argument is without merit as, in the first assignment of error, we found that Mr. Seese did not lack effective assistance of counsel. Moreover, upon reviewing the record, we find that the court complied with the mandates of Crim.R. 11(C)(2). Accordingly, Mr. Seese's second assignment of error is overruled.
 C. Third Assignment of Error WHETHER APPELLANT'S SENTENCES ARE *[sic] CONTRARY TO LAW IN VIOLATION OF: O.R.C. § 2929.14(B); H.B. 331; O.R.C. § 2953.08.
In his third assignment of error, Mr. Seese asserts that his sentence and sexual predator classification are contrary to law. First, he asserts that, pursuant to R.C. 2929.14, his sentence is incorrect because one year was the maximum prison term that could have been imposed upon him for a charge of gross sexual imposition. Second, he asserts that, pursuant to the notice and jury trial guarantees of the Sixth Amendment to the United States Constitution, his sentence and sexual predator classifications are unconstitutional because all facts that increased the maximum penalty for his crime were not submitted to the jury. We disagree with both assertions.
Pursuant to R.C. 2907.05(B), sexual contact with a person less than thirteen years of age, a violation of R.C. 2907.05(A)(4), is a felony of the third degree. R.C. 2929.14(A)(3) provides that "[f]or a felony of the third degree, the prison term shall be one, two, three, four, or five years." R.C. 2929.14(B) further provides that "if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
In the present case, Mr. Seese was sentenced to two years on the first count of gross sexual imposition and three years on the second count of gross sexual imposition. The sentences were to be served consecutively. In imposing this sentence, the trial court stated that the minimum sentence was not appropriate, referring to Mr. Seese's prior record, including the fact that he was currently on probation for endangering children, and that the two gross sexual imposition charges were based on incidents very close in time involving two separate victims. Further, in the journal entry for each count of gross sexual imposition, the trial court found that the shortest prison term would demean the seriousness of Mr. Seese's conduct and would not adequately protect the public from future crime.
Additionally, while Mr. Seese asserts that, pursuant to United States Supreme Court law such as Apprendi v. New Jersey (2000), 530 U.S. 466,147 L.Ed.2d 435, his sentence and sexual predator classification are unconstitutional because all facts that increased the maximum penalty for his crime were not submitted to the jury, his sentence and sexual predator classification are distinguishable from such case law. InApprendi, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490,147 L.Ed.2d at 455. Apprendi involved a New Jersey statute that permitted the trial court to increase the maximum sentence from ten to twenty years if the crime was motivated by the race of the victim. Id. at 468-69,147 L.Ed.2d at 442. In reversing the sentence imposed upon the defendant, the United States Supreme Court found that the sentencing factor became an element of the offense, and, therefore, due process required that the jury find that the element was met beyond a reasonable doubt. Id. at 490,147 L.Ed.2d at 455; see, also, State v. Neal (Aug. 13, 2001), Stark App. No. 2001CA00067, unreported, 2001 Ohio App. LEXIS 3716, at *7-8. In doing so, the Court commented on the distinction between "elements" and "sentencing factors" and phrased the appropriate inquiry as whether "the required finding expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict[.]" Apprendi,530 U.S. at 494, 147 L.Ed.2d at 457.
The present case is clearly distinguishable from Apprendi. First, Mr. Seese's sexual predator classification does not involve a statutory maximum sentence but rather involves a consideration of relevant factors and a finding by the judge that the offender is a sexual predator, pursuant to R.C. 2950.09. Second, in Mr. Seese's sentencing, the trial court did not impose a sentence "beyond the prescribed statutory maximum" but rather imposed a sentence that was within the statutorily prescribed range of possible sentences. See Neal, supra, at *8 (holding that the trial court did not violate the case of Apprendi when it sentenced defendant to a term that was within the statutorily prescribed range of possible sentences).
Accordingly, as R.C. 2929.14(B) provides that a court can impose a sentence beyond the shortest prison term for an offender who has not previously served a prison term if the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others, we find that Mr. Seese's assigned error regarding the length of his sentence is without merit. Further, we also conclude that Mr. Seese's assertion that his sentence and sexual predator classification are unconstitutional because all facts that increased the maximum penalty for his crime were not submitted to the jury, is without merit. Mr. Seese's third assignment of error is overruled.
 III.
Mr. Seese's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J. CONCURS