JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Mark Roberts ("appellant") appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} On June 16, 1993, the Cuyahoga County Grand Jury charged appellant with the offense of aggravated murder. Trial by jury commenced on February 7, 1994. On February 16, 1994, on the last day of trial, appellant cut himself with a razor blade hundreds of times. Although the cuts were superficial, the court agreed with defense counsel's argument that appellant looked like a "mess," and over strenuous state objection, the trial court granted a mistrial.
 {¶ 3} Later, on May 19, 1994, appellant avoided the possibility of another trial when he pled guilty to murder. Appellant was then sentenced to 15 years to life. He was eligible for parole in 2004 and was given a parole hearing. He was denied parole, and on August 3, 2004, more than 10 years after pleading guilty to murder, he filed a motion to withdraw his guilty plea. His motion to withdraw his guilty plea was denied. Appellant now appeals the denial of his motion to withdraw his guilty plea to this honorable court.
 II. {¶ 4} Appellant's first assignment of error states: "The trial court prejudicially erred in failing to conduct an evidentiary hearing on appellant's motion to withdraw his guilty plea."
 {¶ 5} Appellant's second assignment of error states: "The trial court abused its discretion when it denied appellant's motion to withdraw his guilty plea pursuant to Crim.R. 32.1."
 {¶ 6} Because of the substantial interrelation of appellant's assignments of error, we shall address them together. Crim.R. 32.1 states the following:
"Rule 32.1. WITHDRAWAL OF GUILTY PLEA
 "A motion to withdraw a plea of guilty or no contest may be made onlybefore sentence is imposed; but to correct manifest injustice the courtafter sentence may set aside the judgment of conviction and permit thedefendant to withdraw his or her plea."
 {¶ 7} Appellant pled guilty to murder on May 19, 1994. He then filed a motion to withdraw his guilty plea on August 3, 2004 after his parole was denied. Appellant filed his motion to withdraw his plea over 10 years after he first made his plea. Therefore, appellant's motion was made well after sentencing and the only issue for the trial court was to determine if there was a manifest injustice to correct.
 {¶ 8} "[A] presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." State v. Xie (1992), 62 Ohio St.3d 521, 527. See, also,State v. Barnett (1991), 73 Ohio App.3d 244, 250. Determining whether there is a reasonable and legitimate basis for the withdrawal of the plea is a matter within the trial court's sound discretion. Xie, supra, at 526, citing State v. Peterseim (1980), 68 Ohio App.2d 211. Absent an abuse of discretion, the trial court's decision must be affirmed. Xie,62 Ohio St.3d at 527. In order to find an abuse of discretion, we must find that the trial court acted unjustly or unfairly; that its ruling was unreasonable, arbitrary or unconscionable. Id. at 526-527.
 {¶ 9} The evidence in the case at bar demonstrates that the trial court acted properly, the ruling was not unreasonable, arbitrary or unconscionable. Appellant argues that because he engaged in an unsuccessful suicide attempt and was on antidepressants, the trial court should have ordered a psychological evaluation and/or his defense should have requested one. Appellant supported his claim by attaching affidavits from himself and his mother. No medical or expert testimony was presented; nor was it alleged in the motion that any medical or expert testimony was even available. Nothing beyond the self-serving affidavits of appellant and his mother were provided as evidence.
 {¶ 10} Appellant was well aware of his actions when he knowingly and voluntarily pled guilty to murder. The following dialogue in the May 19, 1994 transcript demonstrates that the trial court's actions were proper and appellant's plea was knowing and voluntary.
"THE COURT: Are you under the influence of any drugs or alcohol today?
 "THE DEFENDANT: I'm taking Sinequan and Prozac.
 "THE COURT: Prozac. Counsel, are you satisfied that Mr. Roberts knowswhat he is doing and is not being affected by this medication?
 "MR. GIBBONS: Your Honor, we had conversations with him this morning,extensive conversations, and he's been quite coherent.
 "THE COURT: And, Mr. Roberts, are you confident that you're in controlof your faculties today and you understand what is happening today?
 "THE DEFENDANT: Yes, sir.
 "THE COURT: Now, what your lawyers and the prosecutor have said todayis only a statement. A guilty plea will not [be] accepted until I statethe plea to you and I accept it. I'm going to advise you again of yourrights and ask some questions. I need to make sure that you understandthis plea, and that [it] is knowingly and voluntarily.
 "If you plead guilty to the charge as amended, this would become astraight murder and punishable by a term of incarceration. It's amandatory term. Basically, the court has no discretion. It's 15 yearsactual, nonprobational, to life indefinite term. And there is a fine andcourt costs.
 "MR. KOSKO: I'm sorry. It's $15,000, not $10,000 possible fine.
 "THE COURT: $15,000 fine. Do you understand a guilty plea is a completeadmission of the crime in which you are pleading, and it's anacknowledgment that you have no defenses or waive any defenses that youhave. Do you understand that?
 "THE DEFENDANT: Yes.
 "THE COURT: It's important to understand because I can't accept aguilty plea if, in fact, you're not guilty. If you believe you're notguilty, you are entitled to have a trial, test all of the facts that theprosecution would have. And I know Mr. Gibbons and Mr. Lambros are verythorough attorneys and spent a great deal of time with you. You have aright to trial by a jury or by a judge without a jury, whichever youprefer. Do you understand that right?
 "THE DEFENDANT: Yes.
 "THE COURT: In a trial you have a right to be represented by counsel.And if for any reason these two lawyers could not continue, the Courtwould appoint another pair of lawyers to represent you without any costto you. Do you understand that?
 "THE DEFENDANT: Yes.
 "THE COURT: At that trial the prosecution would have to bring all ofthe witnesses into open court, and you have a right to cross-examinethose witnesses. You can issue subpoenas to some of the witnesses totestify on your own behalf. You can testify yourself, but you cannot becompelled to testify against yourself, and the prosecutor cannot commenton your failure to testify. Do you understand that?
 "THE DEFENDANT: Yes, I do.
 "THE COURT: You are presumed innocent until the prosecution has provedyou guilty beyond a reasonable doubt. That is the burden of proof. Andthat's absolutely what this Court will require. And so, as you standthere, you are presumed innocent until either I accept a guilty plea asthe judge or a jury finds you guilty beyond a reasonable doubt. Do youunderstand that?
 "THE DEFENDANT: Yes.
 "THE COURT: Okay, good. Have any threats or promises been made to youother than what's been stated by the prosecutor concerning this sentencefor murder?
 "THE DEFENDANT: No, your Honor.
 "THE COURT: And you understand what the sentence is and what this Courtwould impose?
 "THE DEFENDANT: Yes, your Honor.
 "THE COURT: All right. Do you understand of your own free will aboutthe nature of the plea you are about to give?
 "THE DEFENDANT: Yes.
 "THE COURT: Are you satisfied with the representation of our lawyers?
 "THE DEFENDANT: Yes.
 "THE COURT: Counsel, I ask you do you believe that is a factual basisfor a plea of murder?
 "MR. GIBBONS: Yes, your Honor.
 "MR. LAMBROS: Yes.
 "THE COURT: Mr. Kosko, do you believe that also?
 "MR. KOSKO: Yes, your Honor.
 "THE COURT: Mr. Roberts, to the charge of murder how do you plead?
 "THE DEFENDANT: Guilty.
 "THE COURT: Based on that I'm going to allow the indictment to beamended to a straight murder from aggravated murder. And it would be myintention to pass sentence today. Is that your wishes, counsel?
 "MR. GIBBONS: Yes, your Honor."[1]
(Emphasis added.)
 {¶ 11} Appellant further argues in his brief that he "was not competent to enter his guilty plea" and would have "elected to go to trial." However, this statement ignores the fact that if appellant was mentally unable to plead guilty, he would have also lacked the capacity to go to trial.
 {¶ 12} The evidence demonstrates that when appellant pled guilty to murder over ten years ago, he did so voluntarily and knowingly. The trial court's actions were proper and do not constitute an abuse of discretion.
 {¶ 13} Appellant's two assignments of error are overruled.
Judgment affirmed.
Dyke, P.J., and Sweeney, J., concur.
[1] Tr. 5-9.