OPINION
{¶ 1} Defendant-Appellant, Daniel N. Spears (Appellant), appeals from the judgment of conviction and sentence entered upon a jury's verdict finding Appellant guilty of one count of Felonious Assault. A timely Notice of Appeal was filed and on January 9, 2004. On April 13, 2005, Counsel for Appellant filed a brief pursuant to Anders v. California
(1967), 386 U.S. 738, indicating that the within appeal was wholly frivolous and setting forth a single Assignment of Error as follows:
 {¶ 2} "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTION."
 {¶ 3} On April 13, 2005, Counsel for Appellant filed a Motion to Withdraw. On May 3, 2005, counsel filed a notice wherein he certified that Appellant had been duly served with a copy of the brief and notified of his right to file a pro se brief. Although Appellant was duly notified, according to said certification of his right to file a pro se brief, no such brief was filed.
 {¶ 4} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, then he should so advise the Court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that his client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if a meritorious issue exists. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 5} We now turn to Appellant's potential Assignment of Error.
 I. {¶ 6} Appellant argues in his potential Assignment of Error that he was denied effective assistance of counsel because his attorney failed to argue that the requisite elements of felonious assault were not proven beyond a reasonable doubt; failed to object to the cumulative evidence presented by the state; and, failed to timely interview witnesses in order to prepare an adequate defense on behalf of the Appellant.
 {¶ 7} Legal representation is constitutionally ineffective, and a basis for reversal or vacation of a conviction, when counsel's performance is deficient and results in prejudice to the accused.Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674. To prevail on this ground, Appellant must meet the test for ineffective assistance of counsel established in Strickland v.Washington. First, Appellant must show that counsel's performance fell below an objective standard of reasonable representation in some particular respect or respects; and, (2) that Appellant was so prejudiced by the defect that there is a reasonable probability that, but for counsel's errors, the results of the trial would have been different.State v. Bradley (1989), 42 Ohio St.3d 244, 248-249, 596 N.E.2d 1101. Because of the inherent difficulties in making the first determination, a court must indulge in a strong presumption that the challenged action might be considered sound trial strategy. Strickland, 466 U.S. at 689,104 S.Ct. at 2065, 80 L.Ed.2d at 694-695. Thus, judicial scrutiny of counsel's performance must be highly deferential. Id. at 689,104 S.Ct. at 2065, 80 L.Ed.2d at 694.
 {¶ 8} In this case, Appellant was indicted by the Perry County Grand Jury on July 31, 2003, for one count of Felonious Assault, in violation of R.C. 2903.11(A)(2), a felony of the second degree. Specifically, the indictment stated that on or about May 26, 2003, the Appellant did knowingly cause or attempt to cause physical harm to another, to wit: Larry Wilson, by means of a deadly weapon or dangerous ordinance.
 {¶ 9} The matter proceeded to a jury trial. The jury trial lasted approximately two days. During the trial, the State presented the testimony of nine witnesses, which included two investigators. The Appellant presented the testimony of eight eyewitnesses consisting of family members and friends. The testimony for both State and defense included personal accounts by eyewitnesses regarding their recollection of the events that occurred on the night of the incident.
 {¶ 10} At trial, Larry Wilson testified that he had experienced ongoing problems with his neighbors Daniel Spears Jr., Daniel Spears Sr., David Koon, Brian Koon, and Bobby Koon. On the night of the incident, Mr. Wilson stated that he stood in the roadway and stopped Brian Koon's car in order to prevent him from speeding on the township road. According to Mr. Wilson, Brian Koon exited his vehicle, swung a club at Mr. Wilson's face, and motioned for Daniel Spears Jr., Daniel Spears Sr., David Koon and Bobby Koon to come to the scene. Mr. Wilson recalled that at the time of their arrival, all four men were carrying clubs. Mr. Wilson stated that he told the men to go back down the road because he didn't want any trouble. Then as Mr. Wilson approached the four men, and David Koon swung a club at him. Mr. Wilson stated that he ducked to avoid the blow, and as he ducked, his daughter's boyfriend, Joe Powell, tackled David Koon.
 {¶ 11} Mr. Wilson testified that Appellant approached him and swung a club at him hitting him in the leg. Mr. Wilson stated he grabbed his leg, lost his balance and fell to the ground. Mr. Wilson said that Appellant then swung the club a second time, said, "I'll F-ing kill you, you SOB" and struck Mr. Wilson in the head. Mr. Wilson recalled falling onto the roadway and scrapping his fingers and left elbow. Mr. Wilson stated that he was taken to the hospital for treatment, placed on an IV, and received stitches on the inside and outside of the laceration to his head. Mr. Wilson further testified that the injury also caused him to require subsequent eye surgery to repair his damaged eyelid.
 {¶ 12} During the trial, witnesses called on behalf of the Appellant included: Brian Koon, Christina Koon, Karen Spears, Deborah Koon, Daniel Spears, Sr., and the Appellant. The Appellant testified that on the night of the incident, he walked toward Mr. Wilson to check on the safety of Brian Koon. He stated that when he reached his friend, Mr. Wilson tried to assault him with a club. He stated that he grabbed the club from Mr. Wilson and hit Mr. Wilson one time in the leg in self-defense.
 {¶ 13} In accordance with Appellant's direct testimony, during closing arguments, counsel for Appellant argued that Daniel Spears, Jr. was not guilty of the crime of felonious assault because he was acting in self-defense.
 {¶ 14} After the presentation of evidence, the trial court instructed the jury that in order to establish the defense of self-defense, the Appellant must prove that he was not at fault in creating the situation that gave rise to the altercation, and that he had reasonable grounds to believe and an honest belief, even though mistaken, that he was in immediate danger of bodily harm and that his only means to protect himself from such danger was by the use of force not likely to cause death or great bodily harm.
 {¶ 15} On November 18, 2003, after approximately forty-five minutes of deliberation, the jury found Appellant guilty of felonious assault. On December 16, 2003, Appellant was sentenced to serve a three-year term of imprisonment for his felonious assault conviction.
 {¶ 16} In this case, based upon Appellant's testimony and the testimony of the other seven eyewitnesses, counsel's trial strategy was not to convince the jury that an assault had not occurred, but rather to admit that an assault had occurred in self-defense. Furthermore, the record does not reflect that counsel failed to conduct pretrial interviews and/or failed to adequately prepare for trial. Finally, the State's evidence was simply eyewitness testimony, which included separate and distinct accounts of individuals, who witnessed the circumstances surrounding the assault. Appellant has shown neither deficient performance nor prejudice by counsel's performance. Accordingly, we cannot find that Appellant was denied the effective assistance of counsel.
 {¶ 17} Therefore, after independently reviewing the record, we agree with counsel's conclusion that a meritorious claim does not exist upon which to base an appeal. Hence we find the appeal is wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of the trial court.
 {¶ 18} The judgment of the Perry County Court of Common Pleas, General Division, is affirmed.
Boggins, P.J., Gwin, J. and Hoffman, J. concur.
 JUDGMENT ENTRY {¶ 19} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Perry County Court of Common Pleas, General Division, is affirmed.
 {¶ 20} Attorney Robert Aaron Miller's motion to withdraw as counsel for Appellant, Daniel Spears is hereby granted.