OPINION
{¶ 1} Defendant-Appellant, Ashley Greathouse, appeals a judgment of the Clark County Common Pleas Court finding her guilty of burglary, and sentencing her to four years. Greathouse was also sentenced to an additional year in prison for committing a felony while on post release control. Greathouse asserts that she was *Page 2 
denied the effective assistance of counsel when her attorney waived and withdrew her motion to dismiss on speedy trial grounds and allowed her to enter her guilty plea. Because we determine that Greathouse entered her guilty plea knowingly and voluntarily, thereby waiving any claim of ineffective assistance of counsel, we affirm the judgment of the trial court.
 {¶ 2} Greathouse was initially indicted for one count of burglary, on March 28, 2006. This indictment was assigned case number 06-CR-0361, and it was dismissed on November 3, 2006. On October 30, 2006, prior to the dismissal of the original charge, Greathouse was indicted on the same charges, and this indictment was assigned case number 06-CR-1249. And, on January 8, 2007, she was indicted yet a third time on the identical charge. The final indictment was assigned case number 07-CR-0028. The indictment in case number 06-CR-1249 was not dismissed after the January indictment. The trial court set a trial date for April 25, 2007, more than a year after her first indictment on the charge.
 {¶ 3} On April 24, 2007, Greathouse filed a motion to dismiss the charge in case number 06-CR-1249 on speedy trial grounds, claiming that three hundred twelve days of time chargeable to the state, pursuant to R.C. 2945.71 et seq., had expired.
 {¶ 4} On April 25, 2007, the date scheduled for trial, Greathouse appeared and entered a negotiated plea of guilty to a reduced charge of burglary, a felony of the third degree. The current indictments had charged her with second-degree felony burglary. After a lengthy colloquy, including her counsel's indication on the record that he had explained to her the effect that her plea would have on her pending motion to dismiss, Greathouse told the court that she wished to change her plea. *Page 3 
 {¶ 5} Thereafter, the trial court accepted her plea and sentenced her to four years incarceration on the burglary charge and an additional year for the violation of her post release control stemming from a prior conviction.
 Assignment of Error Appellant's [sic] was denied effective assistance when her trial counsel waived and withdrew her viable motion to dismiss for denial of her Constitutional right to a speedy trial.
 {¶ 6} Greathouse argues that her motion to dismiss on speedy trial grounds was so strong that her counsel was ineffective in allowing her to enter the plea prior to the court's ruling on the motion. She neglects to explain to this court why she believes that her counsel should have made the decision rather than herself, and how he might have prevented her from voluntarily entering a guilty plea.
 {¶ 7} In Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L. Ed.2d 674, the United States Supreme Court interpreted the meaning of an accused's right to counsel and the standard by which ineffective assistance of counsel should be determined. The two-part test requires a showing not only that counsel was not functioning as the counsel guaranteed by the Sixth Amendment so as to provide reasonably effective assistance, but also that counsel's errors were so serious as to deprive the defendant of a fair trial because of a reasonable probability that, but for counsel's unprofessional errors, the results would have been different. Id. at 687.
 {¶ 8} Strickland goes on to say that "[j]udicial scrutiny of counsel's performance must be highly deferential. * * * A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct *Page 4 
the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" Id. at 689 (citations omitted).
 {¶ 9} Additionally, a plea of guilty constitutes a complete admission of guilt. Crim. R. 11(B)(1). And, when a defendant enters a plea of guilty as a part of a plea bargain she waives all appealable errors that may have occurred at trial, unless such errors are shown to have precluded her from entering a knowing and voluntary plea. State v.Kelley (1991), 57 Ohio St.3d 127. "A failure by counsel to provide advice [that impairs the knowing and voluntary nature of the plea] may form the basis of a claim of ineffective assistance of counsel, but absent such a claim it cannot serve the predicate for setting aside a valid plea." United States v. Broce (1989), 488 U.S. 563, 574,109 S.Ct. 757, 102 L. Ed.2d 927.
 {¶ 10} Therefore, any failure of counsel herein to insist that Greathouse stand firm on her motion to dismiss, may serve as a predicate for a claim of ineffective assistance of counsel only if it impairs her knowing and voluntary entry of the plea. See State v. Barnett (1991), 73 Ohio App.3d 244.
 {¶ 11} Crim. R. 11 (C)(2) requires the trial court, prior to accepting a guilty plea, to conduct a specific inquiry to determine that plea is made knowingly and voluntarily. A meticulous procedure is required not only because a defendant thereby subjects himself to penalties but also, and more importantly, because he thereby waives his *Page 5 
constitutionally guaranteed rights, including his speedy trial rights.
 {¶ 12} In this case, prior to the plea colloquy, Greathouse's attorney stated on the record that he had explained to Greathouse that he believed that she had a good issue on the motion to dismiss, and that he had asked the prosecuting attorney if she could enter a no contest plea to the offered plea bargain so her speedy trial issue could be preserved. Counsel stated that he informed her that the prosecutor was not willing to proceed with the plea bargain on a no contest plea. He also informed her that by pleading guilty she would be giving up her right to file any kind of appeal with regard to the court's ruling on the motion to dismiss. He then stated to the court: "I've discussed all those issues with Miss Greathouse. She has told me a couple of different things here this morning. I'm not sure what she wants to do at this moment, and I guess I would ask the court to inquire of her as to in what manner she wishes to proceed here today."
 {¶ 13} Pursuant to that request, the court and Greathouse had the following colloquy on the record:
 {¶ 14} "THE COURT: Miss Greathouse, did you understand everything that the attorneys have placed on record this morning?
 {¶ 15} "DEFENDANT: Yes, sir.
 {¶ 16} "THE COURT: Do you understand your options at this point?
 {¶ 17} "DEFENDANT: Yes, sir.
 {¶ 18} "THE COURT: How do you wish to proceed?
 {¶ 19} "DEFENDANT: I wish to take the plea that's offered."
 {¶ 20} Thereafter, the court conducted a full Crim. R. 11(C)(2) inquiry of *Page 6 
Greathouse, and found that she "knowingly, voluntarily, and intelligently waived her rights and entered a plea of guilty to the charge of burglary as a felony of the third degree."
 {¶ 21} Because Greathouse did enter her plea knowingly and voluntarily, she has failed to establish that her counsel committed any errors that vitiated the knowing and voluntary nature of her plea. Therefore, she voluntarily waived her speedy trial right and the assignment of error is overruled.
 {¶ 22} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
FAIN, J. and GRADY, J., concur.
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1