[Cite as *State v. Tims*, 2011-Ohio-3329.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                                   :

    Plaintiff-Appellee                  :                   C.A. CASE NO. 2010 CA 24

v.                                              :                   T.C. NO.    10CR76

MARK A. TIMS                                    :                   (Criminal appeal from
                                                                   Common Pleas Court)

    Defendant-Appellant            :

                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____1st____ day of ____July____, 2011.

. . . . . . . . . .

NICK A. SELVAGGIO, Atty. Reg. No. 0055607, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

MARK J. BAMBERGER, Atty. Reg. No. 0082053, 8 S. Third Street, Tipp City, Ohio 45371
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Defendant-appellant Mark Tims appeals from his convictions and sentence for four counts of tampering with coin machines, and one count each of vandalism and possession of criminal tools. For the following reasons, we affirm the judgment of the trial court.

I

{¶ 2}   On May 6, 2010, Tims was indicted on five counts each of tampering with coin machines and possession of criminal tools, and one count each of vandalism and receiving stolen property, all felonies of the fifth degree.   On June 21, 2010, he was also charged by bill of information with two additional counts of tampering with coin machines, both felonies of the fifth degree.   On the same day, Tims pled guilty to four counts of tampering with a coin machine, and one count each of vandalism and possession of criminal tools; the remaining charges were dismissed.   He was sentenced appropriately.   Tims appeals.

II

{¶ 3}   Tims's Second Assignment of Error:

{¶ 4}   "THE TRIAL COURT ERRED WHEN IT FAILED TO CONSIDER DURESS AND/OR COERCION OF THE DEFENDANT-APPELLANT."

{¶ 5}   Tims's First Assignment of Error:

{¶ 6}   "THE TRIAL COURT ERRED WHEN IT ALLOWED THE JUDGMENT TO BE RENDERED UPON INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 7}   Tims's two assignments of error are interrelated.   In both, Tims argues that trial counsel was ineffective, first for failing to argue diminished capacity and drug dependency on Tims's behalf, and second, for allowing him to plead guilty.   Tims also insists that his pleas were not knowingly, intelligently, and voluntarily made.

{¶ 8}   A defendant who pleads guilty is precluded from claiming ineffective assistance of counsel, except to the extent that the alleged defects caused the plea to have

been less than knowingly, intelligently, and voluntarily made. *State v. Moore,* Clark App. No. 2010 CA 55, 2010-Ohio-6226, ¶19; *State v. Barnett* (1991), 73 Ohio App.3d 244, 249. In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052. Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance, and to show deficiency the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Id.

{¶ 9} Much of Tims's argument centers on his assertion that he has a limited mental capacity. This claim is not supported by the record. To the contrary, Tims was able to communicate clearly with the trial court, answering questions appropriately and asking relevant questions of the court. This is especially evident in the protracted discussion with the court at both the plea and sentencing hearings when the court was making exemplary efforts to find housing and assistance for Tims.

{¶ 10} Tims maintains that "counsel apparently did not discuss in full detail (or was unable to make the Defendant-Appellant comprehend) the seriousness of not opposing the charges presented against him." To the contrary, the record demonstrates that counsel secured a very favorable plea agreement for Tims. In exchange for Tims's guilty pleas to six of the counts, the State agreed to dismiss eight other counts. Furthermore, despite Tims's lengthy and substantial criminal history and his previous terms of imprisonment, the State agreed not to contest community control sanctions, which the trial court ordered.

{¶ 11} Furthermore, although Tims repeatedly cites to personal communications

between himself and his appellate attorney in support of this claim, these communications are not part of the appellate record before us and cannot be considered on appeal. *State v. Bethel,* 110 Ohio St.3d 426, 2006-Ohio-4853, ¶168.

{¶ 12} In *Boykin v. Alabama* (1969), 395 U.S. 238, 242-43, 89 S.Ct. 1709, the United States Supreme Court held that in order for a reviewing court to determine whether a guilty plea was voluntary, the record must show that the defendant knowingly, intelligently, and voluntarily waived his constitutional rights. See also, *State v. Nero* (1990), 56 Ohio St.3d 106, 107. As a result, Crim.R. 11(C) was adopted to ensure an adequate record for review in order to facilitate a more accurate determination of the voluntariness of a defendant's plea. Id.

{¶ 13} Crim.R. 11(C)(2) requires the trial court to personally inform a defendant of the constitutional guarantees that he waives by entering a guilty plea. That section also demands that the trial court ensure that the defendant understands the nature of the charges against him, the maximum penalty that he faces, and whether he is eligible for probation. A defendant who claims that his plea was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *Nero,* supra, at 108. In other words, "[t]he test is whether the plea would have otherwise been made." Id., citations omitted.

{¶ 14} The record demonstrates that Tims was afforded a full and proper Crim.R. 11 hearing at the time of his plea.

{¶ 15} Tims affirmed that he was not under the influence of illegal or prescriptions drugs or alcohol at the time of his plea. Tims acknowledged that he had discussed the charges and possible defenses with his attorney. Tims told the trial court that he had no

defense to any of the charges, and he agreed that he had received sufficient information to make an informed decision. Tims stated that he was "definitely" satisfied with his attorney's representation.

{¶ 16} The trial court informed Tims of the maximum penalties for his crimes, even clarifying the difference between consecutive and concurrent sentences. The court explained community control, judicial release, and post-release control. Additionally, the court concluded that Tims understood the constitutional rights that he would be giving up by pleading guilty.

{¶ 17} The record indicates that the court recessed for Tims to discuss the plea form with his attorney. Tims understood the form; and he signed it. Moreover, Tims affirmatively stated that he was not coerced or forced to enter the plea. Nobody threatened him, and nobody made any promises to him beyond the agreement with the State to dismiss most of the charges and for the State not to object to community control sanctions.

{¶ 18} Tims has failed to show that his plea would not have been entered had the trial court handled the plea hearing differently. To the contrary, the record supports a finding that his plea was knowingly, voluntarily, and intelligently entered in order to avoid facing the eight additional charges and to increase the likelihood of receiving community control sanctions.

{¶ 19} Tims's first and second assignments of error are overruled.

III

{¶ 20} Having overruled both of Tims's assignments of error, the judgment of the trial court is Affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Nick A. Selvaggio
Mark J. Bamberger
Hon. Roger B. Wilson